In re Petition of Edgar F. Seney and Rowland T. Rogers.

Edgar F. Seney, Appellant, v. James H. Knight, Administrator, Appellee.

Gen. No. 24,189.

In re Petition of Edgar F. Seney and Rowland T. Rogers.

Rowland T. Rogers, Appellant, v. James H. Knight. Administrator, Appellee.

Gen. No. 24,190.

1. EXECUTION, § 294*—*when malice is gist of action.* Defendants' motive may become an issue in an action in trover and, when it does, malice necessarily becomes the gist thereof.

2. EXECUTION, § 294*—*when question of malice is res adjudicata.* Where, in an action in trover in the Municipal Court, the statement of claim charged and the jury, by their verdict, found defendants guilty of having wilfully, maliciously, tortiously and fraudulently converted the property to their own use and the court entered judgment thereon, the question of malice was *res adjudicata,* and the County Court properly denied a petition of defendants for a discharge, under section 2 of the Insolvent Debtors' Act (J. & A. ¶ 6199), from imprisonment on a *capias ad satisfaciendum.*

Appeal from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding. Heard in the Branch Appellate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Court at the March term, 1918.  Affirmed.  Opinion filed March 18, 1919.

ADAMS, CREWS, BOBB & WESCOTT, for appellants.

WINSTON, STRAWN & SHAW, for appellee; EDWARD W. EVERETT and R. S. TUTHILL, JR., of counsel.

MR. PRESIDING JUSTICE MCDONALD delivered the opinion of the court.

Appellants, Edgar F. Seney and Rowland T. Rogers, petitioned the County Court of Cook county for a discharge under section 2 of the Insolvent Debtors' Act (J. & A. ¶ 6199), from imprisonment on a *capias ad satisfaciendum* issued on a judgment obtained against them by appellee, in an action of trover brought in the Municipal Court of Chicago.

The County Court, upon hearing, denied the relief prayed for in the said petitions and entered an order finding that malice was the gist of the action in which said judgment was rendered, and remanded appellants into the custody of the sheriff, to abide the further order of the court, from which said order these appeals have been prosecuted.

Appellants argue with much force that the County Court erred in holding that malice was the gist of the action in question and in remanding them into the custody of the sheriff; and contend that the unlawful taking of property is the gist of an action in trover, and that under no circumstances can malice become the gist thereof.

The question here presented is not entirely free from doubt, and the decisions of our Appellate Court on it are not in harmony.

It has been held that where the taking of the property was characterized by malice, oppression or a wanton disregard of the owner's rights, such facts may be alleged and proven in an action of trover, for the purpose of awarding plaintiff exemplary damages (*E. E.*

*Bolles Wooden Ware Co. v. United States,* 106 U. S. 432; 38 Cyc. 2104-6; 28 Am. & Eng. Encyc. Law 732, and cases there cited; *Wilde v. Hexter,* 50 Barb. [N. Y.] 448). We conclude therefrom that defendant's motive may become an issue in an action in trover, and that, when it does, malice necessarily becomes of the gist thereof. The fact that the unlawful conversion is usually said to be the gist of an action in trover does not, in our opinion, preclude the right to make malice of the gist thereof, when pleaded and proven.

Appellee, in his statement of claim filed in the Municipal Court, charged appellants with having wilfully, maliciously, tortiously and fraudulently converted certain bonds and notes, of the value of $58,000, to their own use, for the purpose and with the intention of cheating and defrauding appellee out of same. The jury by their verdict found appellants guilty of having wilfully, maliciously, tortiously and fraudulently converted the said property to their own use, and the court entered judgment thereon, which is *res adjudicata* of that question. *Jernberg v. Mix,* 199 Ill. 254.

In our opinion, malice was the gist of the said action brought against appellants in the Municipal Court, and it follows, therefore, that the County Court properly denied the relief prayed for.

Accordingly the judgment will be affirmed.

*Affirmed.*