## EDGAR LOOMIS *et al*

*v.*

## LEWIS STAVE.

1. PLEDGE—*right to sell the same after default.* Where a party deposited certain township bonds as collateral security for the repayment of certain sums of money borrowed, it was *held,* that the lender, with whom they were deposited, had the right to sell the same on default of payment, without any personal notice to the pledgor of an intention to do so, it being so stipulated in the agreement.

2. TROVER—*when it lies.* Where bonds, deposited as collateral security, are sold in pursuance with the terms of the agreement of the parties at the time they were deposited, trover will not lie against the depositary to recover any surplus in his hands belonging to the depositor.

3. TENDER—*when too late.* Where a tender is made of a debt after its satisfaction by the sale, properly made, of collaterals deposited, the tender will be too late.

4. MEASURE OF DAMAGES—*in trover to recover collaterals.* In an action of trover by a debtor for the recovery of bonds pledged by him as collateral security for his debt, and which he claimed had been improperly sold, the measure of damages is not the highest price which had been paid for such bonds in a particular case—the true test is, their market value.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trover, brought by Lewis Stave against Edgar Loomis and Martin P. Follett. The opinion of the court states the material facts of the case.

Messrs. MONROE, BISBEE & GIBBS, for the appellants.

Mr. S. ASHTON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was trover, in the Superior Court of Cook county, tried by a jury, for certain township bonds, which resulted in a verdict and judgment for the plaintiff.

These bonds were deposited by the plaintiff with defendants, as collateral to notes executed by him to the defendants, given

624      LOOMIS *et al. v.* STAVE.      [Sept. T.

Opinion of the Court.

on two different occasions, for the loan of money. Making the notes, and default in their payment, was not denied by the plaintiff, but the complaint is, that defendants had agreed to extend the time of payment, and afterwards, they, in violation of the agreement, sold the collaterals, greatly to the loss and injury of the plaintiff. This is the *gravamen* of the action. On this point much testimony was heard, which we have read and considered, and we are satisfied the verdict is greatly against the weight of the evidence, and that it ought not to stand. The agreement to extend the time rests wholly upon the testimony of the plaintiff, and is distinctly denied by Loomis, one of the defendants, with whom it is alleged the agreement was made. The conversation detailed by the plaintiff, which he had with Loomis on this subject, contains none of the essentials of an agreement. The defendants could have brought suit on the next day after this conversation, had they been so disposed, and there was nothing to bar a recovery, had the notes then matured. It was a mere street conversation. The only conversation that could by possibility be construed into an agreement, was when, on meeting the plaintiff on the street, after the first note became due, on his complaining that he was hard up, and wanted an extension, Loomis told him he would extend the time at the same rate he paid before, and bring in new papers, and pay the interest at once; that they would not have any past due paper in their office. Plaintiff replied, he would see Mr. Sinclair, the person who had negotiated the loan, but no attention was paid to it.

This statement is corroborated by Mr. Sinclair. He testifies he communicated all this to the plaintiff.

The matter remaining in this position, defendants had a clear right to make sale of these bonds as by the agreement when they were deposited, and without giving the plaintiff any notice of their intention so to do. It is so stipulated in the agreement.

The tender set up, after the sale of the bonds, was too late.

It appears there was a surplus after the sale, which properly

belonged to the plaintiff, but it can not be recovered in this action.

We look in vain in the record for grounds on which to sustain this verdict.

The damages also are excessive. The jury seem to have allowed the plaintiff the highest price which had been paid for such bonds in a particular case, when the true test was their market value, and to that the jury should have been confined.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*