## AUGUST JERNBERG

*v.*

## ROBERT F. MIX.

*Opinion filed October 25, 1902—Rehearing denied December 4, 1902.*

1. INSOLVENT DEBTORS—*term "malice" construed, as used in section 2 of Insolvent Debtors' act.* The term "malice," as used in section 2 of the Insolvent Debtors' act, authorizing the release of a debtor from imprisonment when "malice is not the gist of the action," applies to that class of wrongs which are inflicted with an evil intent or purpose, and implies that the guilty party was actuated by improper motives to intentionally inflict an injury on another.

2. SAME—*effect where pleadings show that malice is gist of the action.* If it appears from the pleadings in the civil suit under which an insolvent debtor was imprisoned that malice is the gist of the entire action, the judgment in such action is conclusive of the question of malice, and is *res judicata.*

3. SAME—*effect where malice is the gist of one, only, of several counts.* If there are several counts in a suit against an insolvent debtor and malice is the gist of only one of them, a judgment upon a general verdict is not conclusive that there was malice, and the debtor, upon petitioning for his discharge from imprisonment, may show the verdict was upon counts of which malice was not the gist.

4. SAME—*burden is upon the debtor to show that malice was not the gist of the action.* If issues are made upon all the counts in suit against an insolvent debtor, including one of which malice is the gist, a judgment upon a general verdict is responsive to such issues and *prima facie* establishes that malice was the gist of the action, and the burden is upon the petitioning debtor to show the contrary.

*Jernberg* v. *Mix*, 100 Ill. App. 264, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

DENEEN & HAMILL, for appellant.

McDANNOLD, SULLIVAN & JARRETT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant petitioned the county court of Cook county to release him from imprisonment under a writ of *capias ad satisfaciendum* issued from the superior court of said county upon a judgment in a cause wherein appellee was plaintiff and appellant was defendant. The petitioner alleged that malice was not the gist of the action in said cause, and he offered to submit to the court a complete schedule under the provisions of the Insolvent Debtors' act. Upon a hearing the facts were agreed upon by a stipulation, and the court denied the prayer of the petition and remanded the petitioner to the custody of the sheriff of Cook county, to be held under said writ. The Branch Appellate Court for the First District affirmed the judgment.

It is conceded that the judgment against appellant was obtained for a tort committed by him, and that appellee had the right to sue out the writ and cause appellant to be imprisoned under it. The right claimed by appellant is to be released from imprisonment upon complying with the provisions of the act concerning insolvent debtors, on the ground that malice was not the gist

of the action in which the process was issued. (Hurd's Stat. 1899, p. 966.) The alleged error of the county court consists in failing to find that malice was not of the gist of such action. The term "malice," as used in the act in question, applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper or dishonest motives, and requires the intentional perpetration of an injury or a wrong on another. (*First Nat. Bank of Flora* v. *Burkett,* 101 Ill. 391; *Kitson* v. *Farwell,* 132 id. 327.) To entitle a defendant to discharge from imprisonment it must appear that the wrong for which the action was brought was not of that character. The gist of an action is the essential ground or principal subject matter, without which the action could not be maintained. Gould's Pl. chap. 3, sec. 8; *First Nat. Bank of Flora* v. *Burkett, supra.*

The material facts in this case are as follows: The declaration in the action in the superior court contained three counts. The first two counts were in trover for the conversion by appellant of certain checks, property of appellee. The third count alleged that appellant and one William V. Griffin, on June 8, 1893, were doing a general banking business; that appellee, being lawfully possessed of certain checks described in the count, of the value of $1225.60, deposited them on said day with said banking firm, and the same were accepted by appellant for deposit with the malicious intent thereby to cheat and defraud appellee, and on June 9, 1893, appellant and William V. Griffin failed and suspended in business and made a voluntary assignment of said banking business and all their assets, whereby said checks were wholly lost to the plaintiff. Issues were made on all the counts by pleas of not guilty, and a jury being empaneled to try the issues, returned a verdict finding the defendant guilty and assessing appellee's damages at $1119.07.

Counsel for appellant say that the question whether malice is of the gist of an action must be determined

from the face of the record, where the record affords the
means of such determination, but if there are several
counts in a declaration, and malice is of the gist of some
counts but not of others, the question under which count
the verdict was rendered may be determined by other
evidence. There is no disagreement between the counsel
as to such rule, but the real controversy is as to where
the burden of proof lies. Appellant contends that if there
is a count in the declaration of which malice is not the
gist; the party must be discharged in the absence of evi-
dence that the verdict was returned under some other
count of which malice was the gist. In this case malice
was not of the gist of the first two counts, which were in
trover, but it was the gist of the third count, and appel-
lant insists that there was no legitimate evidence upon
which count the verdict was returned, and therefore the
county court should have discharged him. The former
judgment was conclusive as to every matter properly and
necessarily at issue in the action, and if it appeared from
the pleadings that malice was of the gist of the entire
action the doctrine of *res judicata* would apply. In such
a case, an inspection of the record would conclusively
establish that the question of malice was settled in the
former suit, and having been once determined the judg-
ment would be an effectual bar to any further dispute of
that question between the parties. Where, as in this
case, there are several counts, and malice is the gist of
some and not of others, the judgment is not conclusive
that there was malice, or that the party was actuated
by improper or dishonest motives, because the verdict
may have been returned upon a count which did not in-
clude that element. In such a case, a petitioner for his
discharge is not estopped by the judgment to show that
malice was not the gist of the action against him, but
that the verdict and judgment were based upon a count
where malice was not of the gist of the action. (*Kitson
v. Farwell, supra.*) In this case there were issues on all

199—17

the counts, and the general verdict that appellant was guilty was responsive to such issues and included a finding against him upon all of them. *Prima facie*, the record shows that malice was of the gist of the action, and appellant made no effort to prove that the verdict was returned under a particular count of which malice was not the gist. Appellant, being lawfully imprisoned, was required to bring himself within the provisions of the statute to entitle him to a discharge, and he failed to do so. On the contrary, he stipulated on the hearing of his petition that the jury returned with their verdict in the action a special finding, as follows: "Did the defendant have the fraudulent intent to receive and convert to his own use deposits in the bank at the time the checks in evidence were deposited by the plaintiff, on the morning of June 8, 1893?—Yes." It is now insisted that this special finding was not material or proper evidence, and that it could not make that of the gist of the action which was not so made by the pleadings. Appellant, by stipulation in open court, agreed that his petition should be heard and determined upon the statement of facts contained therein, including this special finding; but the question whether it would have been material, in the absence of the stipulation, is not important, since appellant did not undertake to show that the verdict was returned upon a count of which malice was not the gist.

It is further urged that the third count did not state a good cause of action on account of a failure to allege that the defendant was insolvent at the time he received the plaintiff's deposits. The count was at least good after verdict and unquestionably sufficient to support the judgment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*