(Nos. 12752-12753.—Judgment affirmed.)
EDGAR F. SENEY et al. Appellants, vs. JAMES H. KNIGHT,
Admr. Appellee.

*Opinion filed February 18, 1920—Rehearing denied April 15, 1920.*

1. RES JUDICATA—*when former decision is res judicata of question of fraudulent conversion.* A decision of the Supreme Court affirming a judgment based on the verdict of the jury in an action for damages is *res judicata* of every matter properly and necessarily at issue in the action or which is of the gist of the action, including a finding in the verdict that the conversion of plaintiff's property by the defendants was fraudulent and malicious.

2. DEBTOR AND CREDITOR—*meaning of term "malice," as used in Insolvent Debtors act.* The term "malice," as used in the Insolvent Debtors act in excluding actions involving malice from its provisions for the discharge of debtors from imprisonment, applies to that class of wrongs which are inflicted with an evil intent, design or purpose, and it implies that the guilty party was actuated by improper or dishonest motives.

3. SAME—*when malice is the gist of action for a conversion of personal property.* In an action for the recovery of damages for the conversion of personal property, where the statement of claim charges the conversion to have been maliciously and fraudulently done and the defendants deny the charge, malice is of the gist of the action, and where the issue is decided adversely to defendants and they are imprisoned under writs of *capias ad satisfaciendum* they cannot be released under the Insolvent Debtors act.

4. ACTIONS AND DEFENSES—*what is the gist of an action.* The gist of an action is the essential ground or principal subject matter, without which the action could not be maintained.

5. SAME—*action for conversion of personal property is a tort action.* All actions for the recovery of damages for conversion of personal property are necessarily in the nature of trover, trespass or case and are actions of tort.

6. SAME—*malice may be the gist of action for a conversion of personal property.* While a proceeding for the recovery of damages for the conversion of personal property is similar to the common law action of trover, there is nothing to prevent malice being the gist of the action if it is properly pleaded.

7. COURTS—*action for conversion of personal property is within jurisdiction of municipal court.* Actions of tort growing out of personal injuries are not within the jurisdiction of the municipal

court, but all actions for the recovery of damages for the conversion of personal property, whether of tort or otherwise, are within the jurisdiction of the municipal court as of the first class where the damages exceed $1000.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

ADAMS, CHILDS, BOBB & WESCOTT, (ELMER H. ADAMS, and JAMES B. WESCOTT, of counsel,) for appellants.

WINSTON, STRAWN & SHAW, (EDWARD W. EVERETT, and RICHARD S. TUTHILL, JR., of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants, Edgar F. Seney and Rowland T. Rogers, petitioned the county court of Cook county praying release from imprisonment under writs of *capias ad satisfaciendum* issued from the municipal court in an action of the first class for the recovery of damages for the conversion of personal property. Appellants contended that malice was not the gist of the action in said cause and that they were entitled to release under the Insolvent Debtors act. Upon a hearing the county court found that malice was the gist of the action in which the writs were issued, and thereupon remanded the petitioners to the custody of the sheriff, to be held under said writs. An appeal was prayed and perfected and the causes were consolidated for hearing. On appeal the Appellate Court for the First District affirmed the judgments of the county court of Cook county and granted a certificate of importance. The cause is brought here by appeal to review that judgment.

The judgment of the municipal court in the original proceeding was conclusive as to every matter properly and

necessarily at issue in the action, and if it appeared from the pleadings that malice was the gist of the entire action the doctrine of *res judicata* would apply. (*Jernberg* v. *Mix,* 199 Ill. 254.) Appellee in his statement of claim filed in the municipal court charged appellants with having willfully, maliciously, tortiously and fraudulently converted certain bonds and notes of the value of $60,000 to their own use, for the purpose and with the intent to cheat and defraud him of his property. The jury by their verdict found appellants guilty of having willfully, maliciously, tortiously and fraudulently converted appellee's property to their own use with the intent to cheat and defraud appellee and assessed appellee's damages at $58,800. The judgment entered on this verdict was affirmed by this court in *Knight* v. *Seney,* 290 Ill. 11. This decision is *res judicata* of the question of fraudulent conversion.

The term "malice," as used in the Insolvent Debtors act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper or dishonest motives and requires the intentional perpetration of an injury or a wrong on another. (*Jernberg* v. *Mix, supra; Kellar* v. *Norton,* 228 Ill. 356; *In re Murphy,* 109 id. 31; *First Nat. Bank* v. *Burkett,* 101 id. 391.) To entitle a defendant to be discharged from imprisonment it must appear that the wrong for which the action was brought was not of that character. The gist of an action is the essential ground or principal subject matter without which the action could not be maintained. (*Jernberg* v. *Mix, supra; First Nat. Bank* v. *Burkett, supra; Kitson* v. *Farwell,* 132 Ill. 327.) Appellee's statement of claim charged the conversion to have been maliciously and fraudulently done, and appellants denied the charge. The issue thus formed was decided adversely to appellants and it is now *res judicata.* The county court properly held that malice was the gist of the action in the municipal court.

It is earnestly contended by appellants that this is an action in trover; that the gist of such an action is the unlawful conversion of the property, and that under no circumstances can malice become the gist of an action in trover. It is also contended that malice cannot be the gist of any action where the cause is brought as a first-class case in the municipal court, and that actions in tort in the municipal court cannot be brought where the amount is in excess of $1000.

The municipal court has jurisdiction in the following cases of the first class: (*a*) All actions on contracts, express or implied; (*b*) all actions for the recovery of personal property; and (*c*) all actions for the recovery of damages for the conversion of or injuries to personal property when the amount involved in said cases exceeds $1000. (Hurd's Stat. 1917, p. 890.) It hardly seems necessary to assert that the statute plainly provides that the municipal court shall have jurisdiction in "all actions for the recovery of damages for the conversion of personal property." While all actions in cases of the first class under division (*a*) are *ex contractu*, actions under divisions (*b*) and (*c*) may be *ex delicto*. All actions *ex delicto* for the recovery of damages for conversion of personal property are necessarily in the nature of trover, trespass or case. Actions *ex delicto* are actions of tort. Trover is an action of tort, and it is technically one of the forms of trespass on the case. (21 Cyc. of Pl. & Pr. 1013.) It is true that this proceeding is similar to the common law action of trover, but, regardless of its technical name, there is nothing to prevent malice being the gist of this action if it is properly pleaded. There is nothing in the Municipal Court act which prevents the bringing of an action in tort where the amount exceeds $1000. When the subject matter there under consideration is considered, our holdings in *Chudnovski* v. *Eckels*, 232 Ill. 312, and in *Arnold* v. *Dodson*, 272 id. 377, are not contrary to the view here expressed. The actions there

under consideration were actions of assumpsit, and actions of assumpsit could not be brought as class 1 cases in the municipal court unless the amount involved was more than $1000. Actions of tort growing out of personal injuries, and other causes of action not covered by divisions (*b*) and (*c*) of cases of the first class where the amount involved is more than $1000, are not within the jurisdiction of the municipal court. But all actions for the recovery of damages for the conversion of personal property, whether of tort or otherwise, are within the jurisdiction of the municipal court as class 1 cases where the damages exceed $1000. The court does not lose jurisdiction of such actions where malice is the gist of the action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*