(No. 17098.—Judgment affirmed.)
MARVIN C. GREENER *et al.* Defendants in Error, *vs.*
HARRY C. BROWN, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. JUDGMENTS AND DECREES—*capias ad satisfaciendum may be issued without execution.* In a tort action based on malice the writ of *capias ad satisfaciendum* may be had on a judgment against the defendant without an execution being issued to require him to turn over his estate.

2. ACTIONS AND DEFENSES—*when malice is gist of an action for conversion of money.* A declaration charging that the defendant wrongfully and fraudulently converted to his own use collections on accounts receivable which had been purchased by the plaintiffs states a case in tort based on fraudulent conversion in which malice is the gist of the action, and it is not necessary to allege hatred or ill-will but malice may be shown by showing that the defendant was actuated by dishonest motives, with intent to perpetrate an injury.

3. SAME—*what is gist of an action.* The gist of an action is the basis of the suit, without which the suit would not be maintainable, or the essential ground or object of the suit, without which there is not a cause of action.

THOMPSON and DUNN, JJ., dissenting.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

MORRIS K. LEVINSON, for plaintiff in error.

WALTER S. HOLDEN, for defendants in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error filed in the county court of Cook county a petition, in which he alleged that he had been arrested under a *capias ad satisfaciendum* issued out of the circuit court of Cook county on a judgment secured by Marvin C. Greener and Charles H. Glader for the sum of $2669.28; that he is in custody of the sheriff by virtue of said writ and is desirous of being released from such arrest and imprisonment by delivering up his property. Greener and Glader filed a plea to the petition, in which they alleged that the petitioner was not entitled to his discharge because he was arrested under a *capias ad satisfaciendum* which was based upon a judgment in which malice was the gist of the action. On hearing before the court without a jury the court found that malice was the gist of the action in which the judgment had been rendered and ordered the petitioner remanded to the custody of the sheriff until released by due process of law. The Appellate Court affirmed the judgment of the county court, and the cause comes here for review on writ of *certiorari.*

The question involved in the case is whether or not malice was the gist of the action in which the judgment against plaintiff in error was procured. That question is to be determined by an examination of the declaration.

The declaration filed against Brown was one in trespass on the case, and alleges that the plaintiffs, Greener and Glader, purchased from the International Products Company eighteen certain accounts receivable from debtors of that company to whom goods had been sold and delivered, amounting to the sum of $2669.28; that the accounts receivable were duly assigned to Greener and Glader by the International Products Company, and that by the terms of

the assignment it was provided that the company should act as agent for Greener and Glader in the collection of the accounts, and that it would receive the money in trust for them and upon collection transmit to them on the day of the receipt thereof the original evidences of payment or part payment received by it and that the money should not be commingled with its property; that one Rundquist was president of the company and Brown was secretary, and that as such officers they had the active management of the business of the company and had charge of the collection of its accounts. It is further alleged that "pursuant to the authority contained in said contract of assignment the said Carl A. Rundquist and said Harry C. Brown collected in cash all the foregoing accounts, aggregating the sum of $2669.28, but did not transmit the same or any part thereof to the plaintiffs, but, on the contrary, failed and refused to do so and wrongfully and fraudulently converted the same to their own use and to the use of the International Products Company, in direct violation of the trust provided in the contract of assignment and without the knowledge, consent or authority of the plaintiffs." Brown and Rundquist were served with summons but did not appear, and the cause was heard before a jury, which brought in this verdict: "We the jury find the defendants guilty of conversion and assess plaintiffs' damages in the sum of $2669.28." Thereafter the *capias ad satisfaciendum* was issued.

Plaintiff in error contends that before the issuance of the *capias* demand should have been made or an execution served upon him for the turning over of his estate; second, that the judgment of the circuit court was one for simple conversion, of which malice was not the gist; and third, that he was entitled to a trial by jury.

As to the last objection, it is sufficient to say that the cause on which the judgment was entered against plaintiff in error was tried by a jury, though he did not appear.

It is first contended that an execution should have been served upon plaintiff in error to require him to turn over his estate, as provided by section 62 of the act concerning judgments. Such is not, however, a prerequisite to the issuance of a *capias ad satisfaciendum.* The judgment being in tort in an action based on malice, the writ against the body may be had without •execution issued. *People* v. *Walker,* 286 Ill. 541.

It is next urged that malice was not the gist of· the action in which judgment was entered, and that plaintiff in error is therefore entitled to be released on his petition. By section 2 of the Insolvent Debtors act any person arrested or imprisoned upon process issued for the purpose of holding him to bail upon any indebtedness or in any civil action when malice is not the gist, may be released from arrest or imprisonment upon complying with the provisions of the act. Under section 5 of said act a debtor imprisoned for a debt upon a charge of fraud may have the question whether he is guilty of such fraud tried by a jury, yet such appears not to have been the purpose of the petition in this case. The petition recites that plaintiff in error is in the custody of the sheriff by virtue of said writ and is desirous of releasing his body from arrest by delivering up his property. The sole question controverted in this court, under the pleadings, is whether malice was the gist of the action. The jury in the circuit court found plaintiff in error was guilty of conversion. The action was one in tort based on fraudulent conversion. Malice, as that term is used in cases of this character, does not necessarily mean hatred or ill-will, but pertains to wrongs which are inflicted with an evil intent, design or purpose. Such malice may be shown by showing that the guilty party was actuated by dishonest motives with intent to perpetrate an injury. (*Seney* v. *Knight,* 292 Ill. 206; *Kitson* v. *Farwell,* 132 id. 327; *First Nat. Bank of Flora* v. *Burkett,* 101 id. 391.) That is the "gist of the action" which constitutes

the basis of the suit and without which the suit could not be maintainable. It is the essential ground or object of the suit, without which there is not a cause of action. (*Jernberg* v. *Mix,* 199 Ill. 254.) The case alleged in the declaration was one charging malice and not merely an action for the recovery of money. Malice was therefore the gist of the action and the *capias ad satisfaciendum* was properly issued.

The judgments of the Appellate and county courts will be affirmed.

*Judgment affirmed.*

THOMPSON and DUNN, JJ., dissenting:

The question in this case is whether malice is the gist of the action of trespass on the case in which the writ on which plaintiff in error was imprisoned was issued. The term "malice," as used in the Insolvent Debtors act, implies that the guilty party was actuated by improper or dishonest motives, and requires the intentional perpetration of an injury or wrong on another. Such malice is the gist of an action only when it is an essential element of it. If the action can be maintained without alleging or proving malice, then malice is not the gist of the action. (*Jernberg* v. *Mix,* 199 Ill. 254; *Kitson* v. *Farwell,* 132 id. 327; *First Nat. Bank* v. *Burkett,* 101 id. 391.) In order to sustain an order denying the release of the prisoner, malice must be the gist of the action which was, in fact, brought against him, and not the gist of an action which might have been, but which was not, carved out of the original transaction. *Kellar, Ettinger & Fink* v. *Norton,* 228 Ill. 356.

Under the assignment, the corporation of which plaintiff in error was active manager agreed to act as agent for defendants in error in the collection of the accounts assigned and to turn over to defendants in error the specific "evidences of payment" received by it. When these accounts were paid the receipt of the money by plaintiff in error con-

stituted a bailment. (*Burns* v. *State,* 145 Wis. 373, 128 N. W. 987; *Smith* v. *Nashua and Lowell Railroad,* 27 N. H. 86, 59 Am. Dec. 364.) As bailee he became obligated to deliver the specific money received to defendants in error, as distinguished from a duty to account as agent. (*Salem Light and Traction Co.* v. *Anson,* 41 Ore. 562, 69 Pac. 675; *Loomis* v. *Stave,* 72 Ill. 623; *Royce, Allen & Co.* v. *Oakes,* 20 R. I. 418, 39 L. R. A. 845.) When plaintiff in error failed, on demand, to deliver the money held by him he was guilty of a conversion. (*Knight* v. *Seney,* 290 Ill. 11.) Since the duty to deliver the payment in specie, for the breach of which the action in case was brought, is implied by law by reason of the relations of the parties, notwithstanding such relations arose out of the assignment, case is an appropriate remedy. (*Nevin* v. *Pullman Palace Car Co.* 106 Ill. 222.) In pleading the conversion it is not necessary to set out the particular means by which the conversion was accomplished but a general allegation of conversion is sufficient. The gist of the action in case brought by defendants in error against plaintiff in error is the conversion of the funds. A wrongful intent is not an essential element of the conversion. (*Laverty* v. *Snethen,* 68 N. Y. 522, 23 Am. Rep. 184; *Boldewahn* v. *Schmidt,* 89 Wis. 444, 62 N. W. 177.) It being unnecessary to allege or prove the intent attending the conversion in order to recover, the characterization of the conversion in the declaration as fraudulent did not change the action to one where malice is the gist.

It follows that malice is not the gist of the action in which judgment was rendered against plaintiff in error, and that the county court erred in refusing to order his discharge.