# In re W. H. Todd, Insolvent Debtor.

1. INSOLVENT DEBTORS—*meaning of the term "malice."* The term "malice," as used in the Insolvent Debtors Act, Cahill's St. ch. 72, ¶ 4 et seq., applies to that class of wrongs which are inflicted with an evil intent, design or purpose, and implies that the guilty party was actuated by improper and dishonest motives, and requires the intentional perpetration of an injury or wrong on another.

2. INSOLVENT DEBTORS—*malice as not gist of action for automobile collision.* Where an automobile going thirty-two miles an hour is struck by another automobile going fifty miles an hour upon a public highway in the same direction, as the driver of the latter, with his wife, child and mother in the car, cuts in ahead to avoid a collision with an oncoming automobile, the injury was not inflicted with an evil intent and purpose, and malice is not the gist of the action under the Insolvent Debtors Act, Cahill's St. ch. 72, ¶ 4 et seq.

3. INSOLVENT DEBTORS—*what is not a failure to list assets in petition for discharge.* Where a verified petition of a debtor for discharge under the Insolvent Debtors Act, Cahill's St. ch. 72, from arrest purports to set out his entire assets, and the averments as to what property he owns are not traversed and the court does not order him to schedule his property or any part thereof, but on cross-examination it is brought out that he had insurance on his automobile and had surrendered the policy for a small sum of money, a discharge should not be refused on the ground that he had not made a full, fair and complete schedule of his estate, it appearing that the policy was surrendered several months before filing the petition and before the debtor knew he was going to be sued.

Appeal by petitioner from the County Court of St. Clair county; the Hon. WALDEMAR R. WEBER, Judge, presiding. Heard in this court at the March term, 1927. Reversed and remanded with directions. Opinion filed August 3, 1927.

T. S. MORGAN, for appellant.

CLYDE D. MILLER, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Fred Stark sued W. H. Todd before a justice of the peace for injuries to his car and recovered a judgment for $300. The justice issued a *ca. sa.*, under

which Mr. Todd was arrested and placed in the county jail. He afterwards filed a petition in the county court asking that he be discharged under the provisions of the Insolvent Debtors Act, Cahill's St. ch. 72. Upon a hearing the court held that malice was the gist of the action wherein Stark recovered the judgment and that Todd had not made a full, fair and complete schedule of his estate. The court entered an order denying the prayer of the petition and remanded the petitioner to the custody of the sheriff.

The record discloses that Mr. Stark was driving a Studebaker and Mr. Todd a Pontiac, both going in an easterly direction upon a public highway toward Mascoutah. That about the time Mr. Todd was attempting to pass Mr. Stark a Ford car was coming toward them and in order to avoid the Ford, Mr. Todd attempted to cut in ahead of Mr. Stark, and in doing so the cars collided.

At the time of the collision Mr. Todd's wife and child and his mother were in the car with him. The evidence tends to show that Mr. Todd testified before the justice of the peace that he was going about fifty miles an hour and there is evidence to the effect that Mr. Stark was driving thirty-two or thirty-three miles per hour.

Mr. Stark testified in the county court that there was a Ford coming from Mascoutah. "That is why he cut in ahead of me, to keep from colliding. He was in the way of the Ford coming west. He would have been if he had stayed on the left side." In the state of the proof, we are of the opinion that it cannot be properly said that malice was the gist of the action before the justice of the peace.

The term "malice" as used in the Insolvent Debtors Act, Cahill's St. ch. 72, applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper and dishonest motives and requires the

intentional perpetration of an injury or wrong on another. The gist of an action is the essential ground or principal subject matter without which the action could not be maintained. *Seney v. Knight,* 292 Ill. 206; *Greener v. Brown,* 323 Ill. 221. From the testimony of Mr. Stark above quoted, it is quite apparent that the injury to his car was not inflicted by Mr. Todd with an evil intent, design or purpose. That being true the court erred in holding that malice was the gist of the action.

The court found that Mr. Todd had not made a full, fair and complete schedule of his estate. His petition, which was duly verified, purported to set out his entire assets. No answer was filed to that petition, but upon cross-examination of the petitioner it was brought out that he had insurance on his car and that he had turned the policy back to the company in consideration of $80, and that this was done several months before he filed his petition. The undisputed evidence is to the effect that Mr. Todd surrendered the policy before he was sued by Mr. Stark and before he knew that he was going to be sued. The averments of his petition, as to what property he owned, were not traversed and the court made no order requiring him to schedule his property or any part thereof. In the state of the proof the court erred in refusing to discharge him because he had not made a full, fair and complete schedule of his estate. For the reasons aforesaid the judgment of the county court is reversed and the cause remanded with directions to enter an order discharging the petitioner and that Fred Stark pay the costs in both courts.

*Reversed and remanded with directions.*