Saul J. Kaplan, Appellee, v. Grace Williams, Administratrix of the Estate of Gustavis Williams, Deceased, Appellant.

## Gen. No. 31,653.

1. Executions—*burden to show malice not gist of action in obtaining discharge from body execution.* A debtor, petitioning under the Insolvent Debtors' Act, Cahill's St. ch. 72, for discharge from imprisonment under a body execution on a judgment on a general verdict in an action in which there were several counts and malice is the gist of only one of them, has the burden to show that the verdict was upon counts of which malice was not the gist.

2. Executions—*special finding of jury not showing malice not gist of action.* On a petition under the Insolvent Debtors' Act by a defendant for discharge from imprisonment under a body execution on a judgment for death resulting from being struck by an automobile, malice is not shown not to be the gist of a count charging that defendant "wilfully, wantonly and maliciously" drove the car by the fact that the special finding of the jury was only that defendant "wantonly and wilfully" operated the car.

Appeal by defendant from the County Court of Cook county; the Hon. I. L. Weaver, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Reversed and remanded with directions. Opinion filed October 4, 1927.

JOSEPH E. WINTERBOTHAM, for appellant.

No appearance for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On November 24, 1926, plaintiff filed a petition in the county court setting forth that he had been arrested under a writ of *capias ad satisfaciendum* in favor of Grace Williams, as administratrix, etc., for the sum of $7,000, and praying for his release under the Insolvent Debtors' Act, Cahill's St. ch. 72. Such proceedings were had that on December 28, 1926, the court ordered him released, after finding that malice was not the gist of the action in which the writ had been issued. This appeal followed. No brief and argument have been filed by Kaplan.

The following facts in substance are disclosed: On January 31, 1923, Grace Williams, as administratrix, etc., brought an action in the superior court of Cook county against Kaplan for damages for causing the death of Gustavis Williams on December 23, 1922, as the result of being struck by an automobile, driven by Kaplan, while Williams, a United States mail carrier, was crossing Washtenaw Street, where it intersects Diversey Boulevard, Chicago. In that action there was a trial before a jury, resulting in a verdict and judgment against Kaplan for $7,000. On appeal to the third division of this Appellate Court the judgment was affirmed on October 13, 1926 (*Williams v. Kaplan*, 242 Ill. App. 166), and Kaplan's petition for a writ of certiorari was denied by our Supreme Court on February 21, 1927. The declaration consisted of five counts—the first charging general negligence in the driving of the automobile, and the second, fourth and fifth counts, negligence in driving it at excessive rates of speed in violation of different statutes. The only

count wherein malice was the gist of the action was the third, in which Kaplan was charged with ''so wilfully, wantonly and maliciously'' driving the automobile that it ran against Williams, without fault on his part, causing injuries which resulted in his death on the same day. Upon the trial, at the close of all the evidence, Kaplan moved that the jury be directed to find him not guilty as to *all* the counts, and also that they be directed to find him not guilty as to said third count, but the motions were denied. At plaintiff's request the following interrogatory was given to the jury: ''Did the defendant (Kaplan) wantonly and wilfully propel and operate said automobile in such a manner that it ran into and against the deceased, as alleged in the third count of plaintiff's declaration?'' The jury answered this interrogatory in the affirmative, and the same as so answered was returned into court together with their general verdict, finding Kaplan guilty.

It does not appear from the present bill of exceptions that, upon the hearing in the county court, Kaplan made any effort to show that the jury's verdict in the negligence action was based upon any count of the declaration other than the third. In order to be entitled to a discharge as an insolvent debtor, the burden was upon him to so show. In *Jernberg v. Mix,* 199 Ill. 254, 257, it is decided in substance that, if there are several counts in a suit against an insolvent debtor and malice is the gist of only one of them, a judgment upon a general verdict is not conclusive that there was malice, and the debtor, upon petitioning for his discharge from imprisonment, may show that the verdict was upon counts of which malice was not the gist, and that, if issues are made upon all the counts in such a suit, including one count of which malice is the gist, a judgment upon a general verdict is responsive to such issues and prima facie establishes that malice was the gist of the action, and the burden is upon the peti-

tioning debtor to show to the contrary. (See, also, *In re Hinson*, 162 Ill. App. 121, 124.) It is probable that the reason Kaplan made no attempt to show in the county court that the jury's general verdict was not based upon said third count was because of the jury's special finding above mentioned, and also because of the fact that his contentions, made in this Appellate Court on appeal from the judgment (242 Ill. App. 166, 176), that the declaration did not properly state a cause of action based upon wilful and wanton negligence, and that no wilful and wanton negligence on his part was shown, were fully considered and decided adversely to him. The court said (p. 177): ''It must be borne in mind that it is not necessary, where a cause of action is based upon a charge of wilful and wanton negligence, even for the evidence to show that the defendant, with malice aforethought, and with premeditation, and with conscious intention, brought about the injuries of the defendant. As the court said in *Bremer v. Lake Erie & W. R. Co.*, 318 Ill. 11: 'If there is any evidence in the record fairly tending to show such a gross want of care as indicates a wilful disregard of consequences or a willingness to inflict injury, then it is a question to be determined by the jury whether the negligent conduct of the defendant amounted to wantonness or wilfulness. * * *' (p. 179.) Although the defendant may not have known that Williams was in such a position as to be likely to be injured, and had no intention, as a matter of fact, to injure him, such knowledge and such intention, in fact, were not necessary elements of his, the defendant's, liability for wilful and wanton negligence. The conclusion follows, therefore, that the declaration properly stated a cause of action based upon wilful and wanton negligence. * * * As to the merits of the case, the evidence of wilful and wanton negligence is so strong that we feel bound to let the verdict stand.''

It is to be noticed that, while the third count of the declaration charged Kaplan with "wilfully, wantonly and maliciously" driving the automobile, the special finding of the jury was only that he "wantonly and wilfully" propelled and operated it—the word "maliciously" not being in said finding. An examination of the present bill of exceptions discloses that, upon the hearing in the county court, Kaplan's attorney argued in substance that this shows that the jury did not intend to find that he was guilty of any legal malice. We do not think there is any merit in the argument. In *Seney v. Knight*, 292 Ill. 206, 208, it is said: "The term 'malice,' as used in the Insolvent Debtors act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose." In *Greener v. Brown*, 323 Ill. 221, 224, it is said: "The jury in the circuit court found plaintiff in error was guilty of conversion. The action was one in tort based on fraudulent conversion. Malice, as that term is used in cases of this character, does not necessarily mean hatred or ill-will, but pertains to wrongs which are inflicted with an evil intent, design or purpose." We think that malice was the gist of the third count of plaintiff's declaration, and the jury by the use of the word "wantonly" in said special finding intended to find that Kaplan propelled his automobile maliciously and without regard to consequences or the rights of others. One of the definitions of the word "maliciously," as given in the Century Dictionary, is "with wilful disregard of duty." And the word "wantonly" is defined as "recklessly; * * * without regard for right or consequences." In *Hull v. Seaboard Air Line Ry.*, 76 S. C. 278, 281, it is said: "Each of the words, 'wantonness,' 'willfulness' and 'recklessness,' embodies the element of malice, either express or implied, and are in law substantially the equivalent of each other, in so far as they give rise to an action based upon punitive damages." In *Palmer v. Smith*, 147 Wis. 70,

-75, it is said that the word "wantonly" means "without reasonable excuse, and implies turpitude" and "such a degree of rashness as evinces a total want of care, or willingness to destroy, although destruction itself may have been unintentional."

Our conclusion is that the county court erred in ordering Kaplan released from custody. Accordingly that order is reversed and the cause is remanded with directions that he be returned to the custody of the sheriff.

*Reversed and remanded with directions.*

BARNES, P. J., and WELLS, J., concur.