## In re Petition of Frank B. Buszin, Appellant, v. Frank Bestmann, Appellee.

## Gen. No. 31,536.

1. EXECUTIONS—*binding effect of judgment that malice is gist of action.* The judgment of the circuit court that malice was the gist of an action is *res adjudicata* in a proceeding under the Insolvent Debtor's Act, Cahill's St. ch. 72, in which the judgment debtor seeks release from arrest upon a writ of *capias ad satisfaciendum* under the judgment, and will remain binding until reversed in a direct proceeding.

2. EXECUTIONS—*malice as gist of action to recover money obtained under false pretenses.* Where the declaration in an action of trespass on the case avers that a certain note and mortgage were fictitious, that defendant knowingly, fraudulently and maliciously sold and delivered the note to the plaintiff in order to obtain $1,200, the purchase price, and fraudulently and maliciously appropriated and converted such amount to his own use, and the jury finds that defendant was guilty of the wrongful, fraudulent and malicious conversion of the money of plaintiff and assess plaintiff's damages at such sum and the accrued interest, the gist of the action is malice, and defendant cannot be discharged, under the Insolvent Debtor's Act, Cahill's St. ch. 72, from arrest upon a writ of *capias ad satisfaciendum* issued on the judgment entered therein.

Appeal by plaintiff from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 19, 1927.

RATHJE, WESEMANN, HINCKLEY & BARNARD, for appellant.

BENSON, FITCH & HEINEMANN and GEORGE W. LUDDEN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The appellant, Frank B. Buszin, arrested upon a writ of *capias ad satisfaciendum* from the circuit court of Cook county on a judgment for $1,293.15, filed a

petition for a discharge from imprisonment in the county court of Cook county under the Insolvent Debtors' Act, Cahill's St. ch. 72.    The cause was heard by the court and the court held as a matter of law that a transcript of proceedings in the circuit court stated a case where malice was the gist of the action and dismissed appellant's petition and remanded him to the custody of the sheriff of Cook county.    Appellant seeks by this appeal to reverse the order of the county court.

The declaration in the circuit court avers that a certain note and mortgage were fictitious and that appellant "knowingly, fraudulently and maliciously sold and delivered said alleged principal note of Twelve Hundred Dollars ($1,200) to plaintiff, in order to obtain said sum and then and there fraudulently and maliciously appropriated and converted said Twelve Hundred Dollars ($1,200) to his own use for the purpose then and there of depriving plaintiff of said sum."

Appellant allowed a judgment to go against him in the circuit court by default.    It appears that the interest upon said $1,200 was paid until the second day of January, 1924.    The cessation of the payment of interest seems to have put the appellee upon inquiry as to the genuineness of the transaction, and that he discovered from his investigation that the maker of the note was not, and never had been, the owner of the real estate mortgaged by the maker of the notes to secure their payment.    The verdict of the jury on the trial of the case in the circuit court by default was, "We, the jury find the defendant guilty of the wrongful, fraudulent and malicious conversion and appropriation of the money of the plaintiff to his own use and assess plaintiff's damages at twelve hundred seventy-eight and No/100ths Dollars."

Appellant contends that malice was not the gist of the action.

It is clear that appellee confided in the representations of appellant as to the notes being secured by a valid mortgage on real estate. This representation was false and is not denied. Further the judgment of the circuit court is *res adjudicata* as between the parties. The jury found that the conduct of appellant was malicious, and until the judgment of the circuit court is reversed, it is binding upon all the parties to it. This court does not review the circuit court judgment, neither was it the duty of the county court on hearing of appellant's petition for his release from imprisonment to sit as a court of review upon the judgment of the circuit court. That judgment binds the parties in the county court and is also binding on this court and will so remain until in some direct proceeding that judgment is challenged in a court of review and reversed. The very fact that appellee made no inquiries regarding the title of the mortgaged property made to secure the notes is cogent proof that appellee confided in appellant's representations in relation thereto. *Seney v. Knight,* 292 Ill. 206, is similar on fact and law to the case at bar, wherein the defendant was charged with wilfully, maliciously, tortiously and fraudulently converting certain bonds, and the Supreme Court held that malice was the gist of that action, and that refusal to discharge the defendant under the Insolvent Debtors' Act was without error. To a similar purport is *Greener v. Brown,* 323 Ill. 221.

It is true, as contended by appellee, that appellant was not found guilty in the circuit court of appropriating and converting the sum of $1,278, but the jury found that appellant was guilty of the wrongful, fraudulent and malicious conversion and appropriation of the money of the plaintiff, which was $1,200, and then assessed the damages at $1,278, which was the amount of which appellee was defrauded plus accrued interest.

In *Greener v. Brown, supra,* the court said: "The

sole question controverted in this court, under the pleadings, is whether malice was the gist of the action. The jury in the circuit court found plaintiff in error was guilty of conversion. The action was one in tort based on fraudulent conversion. Malice, as that term is used in cases of this character, does not necessarily mean hatred or ill-will, but pertains to wrongs which are inflicted with an evil intent, design or purpose. Such malice may be shown by showing that the guilty party was actuated by dishonest motives with intent to perpetrate an injury. (*Seney v. Knight,* 292 Ill. 206; *Kitson v. Farwell,* 132 id. 327; *First Nat. Bk. of Flora v. Burkett,* 101 id. 391.)'' See also *In re Petition of Sankstone v. People,* 175 Ill. App. 653; *Mahler v. Sinsheimer,* 20 Ill. App. 401; *In re Petition of Brown v. People,* 237 Ill. App. 537.

When appellant by false representations obtained from appellee the $1,200, he was in law actuated by malice.

The county court having correctly held that the gist of the action in the circuit court was malice, the judgment is affirmed.

*Judgment affirmed.*

TAYLOR, P.J., and WILSON, J., concur.