In re Petition of James F. McNamara, Plaintiff in Error, v. Bird-Sykes Company, Defendant in Error.

Gen. No. 33,178.

Opinion filed April 1, 1929.

A. L. Schaf, for plaintiff in error.

Alex Markels, for defendant in error; Seymour Lewis, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

James F. McNamara filed his petition in the county court under the Insolvent Debtors' Act, seeking to be released from the custody of the bailiff of the municipal court of Chicago who had taken him on a *capias ad satisfaciendum* issued on a judgment rendered in that court in an action of trover in favor of the Bird-Sykes Company, a corporation, and against the petitioner. The matter was heard and the court found that malice was the gist of the action, the petition was dismissed, the petitioner remanded to the custody of the bailiff and this writ of error followed.

The record of the proceedings of the municipal court case was introduced in evidence, from which it appears that plaintiff alleged in its statement of claim that McNamara "wrongfully, maliciously, tortiously and fraudulently converted the said property (an automobile) to his own use with the intent to cheat and defraud the plaintiff." The defendant did not appear in that action. He was defaulted. [*Ante,* p. 262.] The judgment order contains the following: "The court finds the defendant, J. F. McNamara, guilty in trover, maliciously converting property described in plaintiff's statement of claim." If malice was the gist of the trover action, plaintiff was not entitled to be released from custody, so the question before us for decision is: Does the record of the case in the municipal court disclose that malice was the gist of the action? This must be determined from the municipal court record. *Jernberg v. Mix,* 199 Ill. 254. As a general proposition malice is not the gist of an action in trover. *Jernberg v. Mix, supra.* But there is nothing to prevent malice being the gist of an action of trover if it is properly pleaded. *Seney v. Knight,* 292 Ill. 206. The *Seney* case was a proceeding in the county court under the Insolvent Debtors' Act similar to the one before us. The petitioner there was taken under a capias issued

in a trover action in the municipal court. The court held malice was the gist of the action and that therefore the petitioner was not entitled to his discharge. The court there said (p. 208): ''Appellee's statement of claim charged the conversion to have been maliciously and fraudulently done, and appellants denied the charge. The issue thus formed was decided adversely to appellants and it is now *res judicata*. The county court properly held that malice was the gist of the action in the municipal court.'' On page 209 it is further said: ''It is true that this proceeding is similar to the common law action of trover, but, regardless of its technical name, there is nothing to prevent malice being the gist of this action if it is properly pleaded.''

We are unable to distinguish that case from the one before us.

The judgment of the county court is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.