Toni Nierodzinski, Appellant, v. City of Chicago,
Appellee.

Gen. No. 38,402.

Opinion filed April 7, 1936.

O'Connor & Conroy, of Chicago, for appellant; Vincent H. O'Connor, of counsel.

Barnet Hodes, Corporation Counsel, for appellee.

Mr. Justice John J. Sullivan delivered the opinion of the court.

Plaintiff brought an action of the first class in the municipal court on September 15, 1928, against the City of Chicago to recover damages of $3,000 alleged to have been caused to his motor truck on May 17, 1928, by reason of defendant's negligence in failing to keep the West Chicago avenue bridge in proper repair.

April 16, 1935, defendant moved to strike plaintiff's amended statement of claim and to dismiss his action on the ground that the municipal court was without jurisdiction because the claim was in tort for damage to personal property alleged to be in excess of $1,000.

The court allowed defendant's motion. This appeal followed.

The City of Chicago filed no brief in this cause and we can attribute its failure to do so to no other reason than its realization and recognition of the fact that the trial court erred in sustaining its motion. It would have been more in keeping with the proprieties of the situation for the city to have confessed the error and thus spared the time of this court.

The court entered the following draft order, sustaining defendant's motion.

"This cause coming on to be heard upon the written motion of defendant, City of Chicago, a municipal corporation, heretofore filed herein and continued and set for hearing for today, May 10th, 1935, to dismiss the above entitled suit on the theory that said suit is in tort for damages to personal property in excess of One Thousand Dollars ($1,000.00) and that the court is therefore without jurisdiction because plaintiff's claim as set forth in said suit does not come within any of the provisions of Paragraph One (1) of Section Two (2) of the Municipal Court Act of the City of Chicago, which is Section 390 of Chapter 37 of Cahill's Illinois Revised Statutes, and in force and effect at the time of the filing of said suit.

"And the court having heard the arguments of counsel for the respective parties to said suit in support of and in opposition to said motion, the court finds that it is without jurisdiction of said suit for the reason that the claim set forth in said suit is in tort for damages to personal property in excess of One Thousand Dollars ($1,000.00) and does not come within any of the provisions of Paragraph One (1) of Section (2) of the Municipal Court Act of the City of Chicago, which is Section 390 of Chapter 37 of Cahill's Illinois Revised Statutes, and in force and effect at the time of the filing

of said suit; therefore said motion of defendant as to this point is hereby sustained and said suit is dismissed at plaintiff's costs."

The only question involved in this appeal is whether the municipal court of Chicago has jurisdiction of an action in tort for the recovery of damages to personal property when the amount of damages sought to be recovered, exclusive of costs, exceeds $1,000. Subsec. 1, sec. 2, par. 390, ch. 37, Cahill's Illinois Revised Statutes, 1927, which was in force and effect when this suit was filed September 15, 1928, provides as follows:

"That said Municipal Court shall have jurisdiction in the following cases:

"First. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000); (b) all actions for the recovery of personal property when the value of the property sought to be recovered as claimed by the plaintiff exceeds one thousand dollars ($1,000); and (c) all actions for the recovery of damages for the conversion of personal property, and *actions for recovery of damages for injuries to personal property, when the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)."* (Italics ours.)

No case has been cited and a diligent search has failed to reveal one where our Supreme Court or this court has been called upon to pass directly upon the precise question presented for our determination. We fail, however, to note any ambiguity or uncertainty in the language of the italicized portion of the statute as above set forth that calls for judicial construction. The language used appears to be as clear and understandable as plain English words could make it. Reference to authorities could hardly make clearer that which on its face is perfectly clear. Subdiv. c, after

placing within the classification of cases of the first class "all actions for the recovery of damages for the conversion of personal property . . . when the amount of damages sought to be recovered as claimed by the plaintiff, exclusive of costs, exceeds $1,000," includes in the same category *"all actions* for the recovery of damages for injuries to personal property" where the amount of damages sought to be recovered, as claimed by the plaintiff, exclusive of costs, exceeds $1,000. Thus two separate and distinct classes of actions unrelated in character are covered by subdiv. c. It cannot be reasonably urged that "actions for the recovery of damages for injuries to personal property" in excess of $1,000, exclusive of costs, means anything other than what it plainly says or that such language was inserted in the act to qualify the language immediately preceding it, concerning actions for the conversion of personal property. Actions for the conversion of personal property and actions for injuries to personal property perform distinctly separate functions and we see no reason for confusing the two classes of actions.

In *O'Shea v. Farrelly,* 302 Ill. 126, plaintiff, O'Shea, who was a stockholder in an Illinois corporation, filed a statutory action in the municipal court against Farrelly, claiming damages of $2,800 because of Farrelly's refusal to permit him to examine the corporate books. O'Shea contended that his stock was personal property; that the violation of the statutory duty to permit him to examine the corporate books constituted damages to his personal property; and that jurisdiction of the case by the municipal court should be sustained on the ground that it is a suit for damages to personal property as provided in subdiv. c., subsec. 1, of sec. 2, of the Municipal Court Act. In that case the court said at pp. 127, 129, 130:

"The action in this case is based on section 38 of the general Corporation act. (Laws of 1919, p. 325.) . . .

"It is suggested by appellee that a share of stock is personal property, and that the violation of the statutory duty to permit him to examine the books was a damage to his personal property, and that jurisdiction of this case should be sustained on the ground that it is a suit for damage to personal property. The argument seems to be that this action falls within those designated as first-class in division (c) of section 2. We are unable to see how we could possibly view this action as an action for the recovery of damages for injuries to personal property. The phrase, 'damages for injuries to personal property' has a very definite and well settled meaning as used in our law, and it means just what it says. To recover such damages there must be an actual injury to personal property of some kind. The denial of the right to examine books of a corporation is not a damage to personal property of any kind. It is the mere denial of a legal right given by the statute, and the amount of recovery allowed under this statute is not a recovery for any damage that appellee is supposed to have sustained in the denial of his right, but is in the nature of a penalty to deter subsequent violations of the same right."

It clearly appears from the *O'Shea* case that the Supreme Court recognized the right to bring a first class action in the municipal court for damages in excess of $1,000 for injuries to personal property in a proper case. The language of the court "the phrase, 'damages for injuries to personal property' has a very definite and well settled meaning as used in our law, and it means just what it says," leaves no room for doubt.

In *Seney v. Knight*, 292 Ill. 206, while the precise question was not before it, the court recognized the right to bring a first class action in the municipal court for the recovery of damages for injuries to personal property in excess of $1,000, when, in enumerating the

cases that came within the first class designation, it used this language at p. 209:

"The municipal court has jurisdiction in the following cases of the first class: (a) All actions on contracts, express or implied; (b) all actions for the recovery of personal property; and (c) all actions for the recovery of damages for the conversion of *or injuries to personal property when the amount involved in said cases exceeds $1,000.* (Hurd's Stat. 1917, p. 890.)" (Italics ours.)

In our opinion plaintiff had the right to bring this action in the municipal court as the statute vested that court with full jurisdiction of actions of this nature.

The order of the municipal court sustaining defendant's motion to strike plaintiff's amended statement of claim and to dismiss his suit is reversed and the cause is remanded with directions to deny said motion of defendant.

*Reversed and remanded with directions.*

Scanlan, P. J., and Friend, J., concur.