Sam Ingalls, Appellee, v. John Raklios, Appellant.

Gen. No. 40,531.

BURKE, J., dissenting.

Opinion filed June 21, 1939. Rehearing denied July 3, 1939.

HERMANN P. HAASE, of Chicago, for appellant.

SIDNEY J. WOLF and ARTHUR WOLF, both of Chicago, for appellee; SIDNEY J. WOLF, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Sam Ingalls filed a suit in the municipal court against John Raklios, the same being an action in tort, first class, the complaint alleging that on August 8, 1937, Ingalls delivered to the defendant Raklios the sum of $2,500, being part of the purchase price, with which to purchase certain restaurant properties at a bankruptcy sale, and if defendant did not purchase all of the Raklios Restaurants at said bankruptcy sale, then the $2,500 was to be returned by Raklios to the plaintiff Ingalls.

The complaint further alleges that on August 9, 1937, the restaurants were sold at the bankruptcy sale, but that Raklios did not purchase all of said restaurants at said bankruptcy sale, and after said sale was consummated to someone other than the defendant, the plaintiff demanded that the defendant return to him the said $2,500, but that the defendant returned only $500 and refused to return the said balance of $2,000 to plaintiff, and thereby wilfully, maliciously and unlawfully converted the said $2,000 to his own use.

It appears from the record that on June 5, 1938, the defendant Raklios was duly served with a summons, but failed to appear and that thereafter a default judgment was duly entered against him. The cause was heard before the court without a jury and thereafter on June 22, 1938, the court entered the following judgment order:

"Court makes special finding of malice.

"Now comes the plaintiff in this cause, the defendant being absent and not represented, and thereupon this cause comes on in regular course for trial before the Court without a jury, and the Court having heard the evidence and the arguments of counsel and being fully

advised in the premises, enters the following finding, to-wit:

" 'THE COURT FINDS THE DEFENDANT, JOHN RAKLIOS, GUILTY AS CHARGED IN PLAINTIFF'S STATEMENT OF CLAIM AND ASSESSES THE PLAINTIFF'S DAMAGES AT THE SUM OF TWO THOUSAND AND 00/100 DOLLARS ($2,000.00) IN TORT.'

"This cause coming on for further proceedings herein it is considered by the Court that the plaintiff have judgment on the finding herein, and that the plaintiff have and recover of and from the defendant, John Raklios, the damages of the plaintiff amounting to the sum of Two Thousand and 00/100 Dollars ($2000.00) in form as aforesaid, assessed, together with the costs by the plaintiff herein expended, and that execution issue therefor.

"Malice body execution to issue."

The execution was duly issued and the defendant taken into custody on said body execution on July 25, 1938.

More than 30 days after the entry of the judgment the defendant made an oral motion to quash the body execution which motion was overruled on August 11, 1938. This cause comes before this court on an appeal from the order which was entered overruling the motion to quash the body execution.

Apparently, no motion was made to vacate the original default finding of malice and the judgment entered by the court as heretofore recited. No motion of any kind was made until July 25, 1938, over 30 days after the entry of the judgment.

It is first contended that the judgment of the trial court was not necessarily conclusive of the question as to whether malice was the gist of the action.

The court found the defendant guilty as charged in the complaint and the complaint alleged that the defendant was retaining the money of the plaintiff which had been given him for a specific purpose and after

demand duly made "willfully, maliciously and unlawfully converted the said Two Thousand Dollars ($2,000.00) to his own use."

Rule 72 of the municipal court provides as follows:

"Whenever it is material to allege malice, fraudulent intention, knowledge or other condition of mind, it shall be sufficient to allege the same as a fact without setting out the circumstances from which the same is to be inferred."

Under this rule of the municipal court we think the allegation of malice as set forth in the instant case was sufficient and the finding of the trial court was that malice was the gist of the action.

*Greener v. Brown,* 323 Ill. 221, was a case in which the plaintiff in error filed a petition in the county court of Cook county, in which he alleged that he had been arrested under a *capias ad satisfaciendum* issued out of the circuit court of Cook county on a judgment secured by Marvin C. Greener and Charles H. Glader for the sum of $2,669.28; that he is in custody of the sheriff by virtue of said writ and is desirous of being released from such arrest and imprisonment by delivering up his property. Greener and Glader filed a plea to the petition, in which they alleged that the petitioner was not entitled to his discharge because he was arrested under a *capias ad satisfaciendum* which was based upon a judgment in which malice was the gist of the action. On hearing before the court without a jury the court found that malice was the gist of the action in which the judgment had been rendered and ordered the petitioner remanded to the custody of the sheriff until released by due process of law. The Appellate Court affirmed the judgment of the county court and the cause went to the Supreme Court on a writ of certiorari. The Supreme Court in its opinion said:

"The question involved in the case is whether or not malice was the gist of the action in which the judgment against plaintiff in error was procured. That question

is to be determined by an examination of the declaration.    . . .

"Malice, as that term is used in cases of this character, does not necessarily mean hatred or ill-will, but pertains to wrongs which are inflicted with an evil intent, design or purpose. Such malice may be shown by showing that the guilty party was actuated by dishonest motives with intent to perpetrate an injury. (*Seney v. Knight*, 292 Ill. 206; *Kitson v. Farwell*, 132 id. 327; *First Nat. Bank of Flora v. Burkett*, 101 id. 391.) That is the 'gist of the action' which constitutes the basis of the suit and without which the suit could not be maintainable. It is the essential ground or object of the suit, without which there is not a cause of action. (*Jernberg v. Mix*, 199 Ill. 254.) The case alleged in the declaration was one charging malice and not merely an action for the recovery of money. Malice was therefore the gist of the action and the *capias ad satisfaciendum* was properly issued.

"The judgments of the Appellate and county courts will be affirmed."

As heretofore stated, a court of competent jurisdiction found the defendant guilty in an action in tort and made a special finding of malice and entered judgment against the defendant in the sum of $2,000 and ordered that a "malice body execution issue." All of this was tantamount to a finding by the court that malice was the gist of the action even though the exact words of the statute are not employed.

We are of the opinion the procedure in this case was in compliance with the law and for that reason the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HEBEL, J., concurs.

BURKE, J., dissenting: Prior to 1935, sec. 5, ch. 77, Ill. Rev. Stat., read:

"EXECUTION AGAINST BODY, WHEN.] § 5. No execution shall issue against the body of the defendant, except

when the judgment shall have been obtained for a tort committed by such defendant, or unless the defendant shall have been held to bail upon a writ of *capias ad satisfaciendum* [*respondendum*] as provided by law, or he shall refuse to deliver up his estate for the benefit of his creditors.'' In 1935 the section was amended to read: (sec. 5, ch. 77, Ill. Rev. Stats. 1937 [Jones Ill. Stats. Ann. 107.155]).

''EXECUTION AGAINST BODY.] § 5. No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and it shall appear from a special finding of the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors. [As amended by act approved July 11, 1935.]'' In a case where judgment was obtained for a tort that had been committed, the correct practice prior to the amendment was to require the clerk to issue a *capias ad satisfaciendum,* under warrant of which the sheriff imprisoned the defendant. If the defendant wished to be released, he made application to the county court under the Insolvent Debtors' Act (ch. 72, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.378 *et seq.*]). Under that act it was the duty of the county court to discharge the prisoner if the court found that malice was not the gist of the action. Under the provisions of sec. 5, ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.155], as amended, the clerk should not issue an execution against the body of the defendant, except when the judgment shall have been obtained for a tort committed by such defendant and it shall appear from a special finding of the jury, or from a special finding of the court if the case is tried by the court without a jury, that malice is the gist of the action. Before the section was amended, in almost every case a controversy arose in the county court as to

whether malice was the gist of the action. The rule laid down by our Supreme Court was that the question was to be determined from the pleadings, where that could be done. If the question could not be resolved by reference to the pleadings, then it was necessary to examine the bill of exceptions. Thus, controversies arose in nearly all cases. The chief object of the amendment was to obviate the necessity for these controversies and to permit the matter to be decided in the trial court by requiring the court or the jury to enter a special finding that malice is or is not the gist of the action. Where any defendant complains that he is unlawfully restrained of his liberty by the issuance of a *capias ad satisfaciendum,* application should be made to the trial court to quash the writ. The court may then determine whether the clerk properly issued the writ. To sustain the order of the trial court in the instant case, wherein that court declined to quash the writ and release the defendant, it has been necessary for the court to discuss the pleadings. Thus, the majority opinions returns to the practice that prevailed prior to 1935, and which section 5, as amended, endeavors to correct. The notation in the record, which is separate and apart from the finding and judgment order, ''Court makes a special finding of malice,'' is not a compliance with section 5. There is nothing therein which shows that the court considered that malice was the gist of the action. In order to arrive at a decision that malice is the gist of the action, it has been necessary to go back to the pleadings. In my opinion, the clerk of the municipal court was not authorized to issue a *capias ad satisfaciendum,* and that court should have granted the motion of defendant to quash the *capias ad satisfaciendum.*