JAMES McKINDLEY *et al.*, Plaintiffs in Error, *v.* NATHANIEL RISING, impleaded with Henry T. Mesler, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

That provision of the constitution which exempts debtors from imprisonment, has no application to actions for tort.

Where the affidavit for a *capias* is set out in a plea, the question is sufficiently referred to the court for its opinion, whether the clerk was authorized by it to make an order for special bail.

JAMES McKINDLEY, George Church, Jr., and Charles W. Church, the plaintiffs in the above case, filed their præcipe in the Superior Court of Chicago, and caused a summons in an action of debt to be issued October 24, 1860, by the clerk of said court to the sheriff of Winnebago county, against Henry T. Mesler, and Nathaniel Rising, which summons was returned served on said Rising, October 27, 1860.

The plaintiffs filed their declaration in the suit commenced as aforesaid, in the usual form in debt, on a special bail bond, to the sheriff of Cook county, bearing date August 21, 1859, and executed by the said Henry T. Mesler, as principal, and the said Nathaniel Rising, as security, in an action of trespass on the case, theretofore commenced by the said plaintiffs in this case, against the said Henry T. Mesler.

Afterwards, Nathaniel Rising appeared in the case, commenced as aforesaid, and filed, among other pleas, his sixth and seventh pleas to the plaintiff's declaration, and by his sixth plea says, *actio non*, etc., because, he says, that the order

indorsed on the *capias ad respondendum* mentioned in said plaintiff's declaration, was unauthorized by the laws of this State, and that said order, so indorsed on the back of said writ, and by virtue whereof said Mesler was arrested, and to free himself from the duress whereof said bail bond was made and executed, in said plaintiff's declaration mentioned, was made by said clerk solely and entirely upon an affidavit then made and filed in said court and cause, and upon no other grounds, facts or matter whatsoever, and that said affidavit is in words and figures following, to wit:

STATE OF ILLINOIS, }
   COOK COUNTY. } *ss.*

James McKindley, of said county, being duly sworn, deposes and says, that he was a member of the firm of McKindley, Church & Co., during the year 1857, and that said firm during said year was composed of this deponent, George Church, Jr., and Charles W. Church, and that on the seventh day of September in said year, Henry T. Mesler and John Boyle, who were doing business under the firm name of Mesler & Boyle, were indebted to said firm of McKindley, Church & Co. for goods, before that time sold and delivered to said Mesler & Boyle, in the sum of five hundred and eight dollars and eighteen cents, and that said amount was past due and payable at that time, and that said Henry T. Mesler, with the intent of defrauding said firm of McKindley, Church & Co., falsely and fraudulently pretended to this deponent that he had a good and valid note, signed by his brother, Mortimer M. Mesler, who was known and reputed to be a responsible man, which said note was in words and figures following, to wit:

" 508.18.                                    ROCKFORD, Sept. 7, 1857.
"One day after date I promise to pay to the order of Mesler & Boyle, Five Hundred and Eight Dollars and Eighteen Cents, for value received.
                                             M. M. MESLER.
                                 Per H. T. MESLER."

And on the back of said note was an indorsement, in the following words, to wit: "Pay McKindley, Church & Co., or order. MESLER & BOYLE."

Which said note the said Henry T. Mesler did falsely and fraudulently represent to this deponent, to be a good and valid

note, and to be executed by the said Mortimer M. Mesler, and the said Henry T. Mesler did then and there deliver the said note, so indorsed, to this deponent, in payment of said debt, due and owing as aforesaid by said Mesler & Boyle, to the said firm of McKindley, Church & Co., and this deponent further says, that the said McKindley, Church & Co. brought suit on said note so indorsed as aforesaid, against the said Mortimer M. Mesler, in the Cook County Court of Common Pleas, in the said county of Cook, and State of Illinois, and that said Mortimer M. Mesler filed a plea and affidavit in said case, denying the signature of said note, and denying that he authorized said Henry T. Mesler, or any other person, to sign said note for him, and said suit so commenced against Mortimer M. Mesler was decided against said McKindley, Church & Co. on account thereof, and the said McKindley, Church & Co. were compelled to pay costs and expenses incurred in consequence thereof, to the amount of about ten dollars. And this deponent further says, that the signature to said note was fraudulent, and that the said note was fraudulent and void, and that the signature of the said M. M. Mesler was signed to said note without his authority, and known to be so by said Henry T. Mesler, at the time of the delivery thereof to this deponent, as aforesaid.

And this deponent further says, that by means of the premises, and the false and fraudulent representations aforesaid, the said Henry T. Mesler became liable to the said McKindley, Church & Co., in the sum of $508.18, and said costs of said suit, and interest thereon, since said date, except the sum of one hundred dollars, which has since been paid by the said Henry T. Mesler, to said McKindley, Church & Co., and still is liable for said amount. And this deponent further says, the benefit of whatever judgment may be obtained by said McKindley, Church & Co. against said Henry T. Mesler, will be in danger of being lost, unless the said Henry T. Mesler be held to bail, and asks that a *capias ad respondendum* issue, in favor of the said James McKindley, George Church, Jr., and Charles W. Church, against the said Henry T. Mesler, for said amount, in an action of trespass on the case.

JAMES McKINDLEY.

Subscribed and sworn to, etc.

And said Rising by his sixth plea further says, that said order, so made as aforesaid, was unauthorized by the allegations of said affidavit, and was contrary to the laws of this State, and that said bail bond, by reason thereof, was null and void; and concludes with a prayer and verification.

And in his seventh plea, defendant Rising says, *actio non,* etc., because he says that the special bail bond taken by the sheriff, in said action of case, was in the penal sum of $900, whereas by the order, indorsed on the back of said writ, he should have taken a bail bond in the penal sum of $836.36, and that said special bail bond was therefore taken contrary to the statute in such case made and provided, and was illegal; and concludes with a prayer and verification.

The plaintiffs filed their demurrer to each of the said pleas.

On the argument and hearing of said demurrer to said sixth and seventh pleas, the court gave judgment overruling the demurrer to the sixth plea, and sustained it as to the seventh plea.

The following errors are assigned:

That the court erred in overruling the plaintiffs' demurrer to defendant's sixth plea.

The court erred in sustaining and holding the sixth plea of the said defendant sufficient.

The court erred in rendering judgment for said defendant, and against said plaintiffs, for costs.

D. C. AND I. J. NICHOLS, for Plaintiffs in Error.

In an action *ex delicto*, the statute requires only sufficient facts to be stated to show that there is danger of losing the benefit of judgment, etc., and to enable the clerk to fix the amount of bail; the language of the statute being, if the plaintiff cannot ascertain the amount of damage sustained, he shall state the nature and cause of the action, and the substantial or chief facts in relation thereto, and the clerk, upon examination thereof, shall, if he be satisfied that sufficient cause is shown, issue a capias, and make out an order thereon fixing the amount of bail.

In this case all the facts necessary to enable the clerk to fix

the amount of bail were stated, the authority for issuing the capias was acquired by the averment in the affidavit that there was danger of losing whatever judgment might be recovered, unless the defendant was held to bail.

The reason for holding to bail, both in actions *ex contractu* and actions *ex delicto*, is the danger of losing the debt or judgment unless the defendant is held to bail; but in actions *ex contractu*, the affidavit must bring the case within the provisions of the constitution. *Stafford* v. *Low*, 20 Ill. 152; *Adams* v. *Bartlett*, 5 Gilm. 169.

But in actions *ex delicto*, the allegations required by the constitution are not necessary.

It is only necessary to show danger, etc., and facts sufficient to enable the clerk to fix the amount of the bail. 14 Ill. 414; Scates' Comp. 236, sec. 2.

Unless the capias and order to hold to bail were void, the bail bond was not void, and there can be no doubt but that there was sufficient stated in the affidavit to authorize the clerk to issue the capias, and indorse an order thereon fixing some amount in which the defendant should be held to bail, for the affidavit clearly shows that ten dollars were lost by the plaintiffs through the fraud of the defendant, H. T. Mesler, to wit, the costs in the suit against M. M. Mesler. *Allen* v. *Hunt*, 3 Zabriskie N. J. R. 376.

The sheriff acquired his authority to make the arrest and take bail, by the capias.

The order indorsed upon the writ fixing the amount in which the sheriff was to take bail, was merely directory to the sheriff as to the amount in which he should take bail. Graham's Prac., 2nd ed., 145; *Norden* v. *Horsely*, 2 Wills. 69; 1 Bur. and Tid's Prac., 9th ed., 225; 1 Brevard R. 14; 6 Mod. 268; Lofft's R. 545; 2 Str. 922; Doug. 330; 1 H. Bl. R. 76; 2 H. Bl. R. 816; 4 T. R. 570.

This court held, in the case of *Stafford* v. *Low*, 20 Ill. 152, that the bail bond was void because the writ was void, and do not base their decision on the want of authority in the clerk to make the order, or on the invalidity of the order. There is no allegation or claim in the defendant Rising's sixth plea,

that the capias on which the said defendant Mesler was arrested was issued without authority, or that the affidavit was insufficient to authorize the clerk to issue the writ, or that said writ was void.

The statute vests the clerk with judicial authority in an action *ex delicto* to pass upon the sufficiency of an affidavit to hold to bail, and provides that during return term, bail may be discharged upon satisfactory proof; but there is no provision for bail to be relieved by statute in actions *ex delicto*, which does not come under the constitutional provision, after judgment against the principal, but by surrender of principal. 2 Lord Raymond, 1535; 24 Wend. 274; 19 Wend. 121.

The rendition of the judgment in the original suit shows that a cause of action existed against the defendant at the time he was held to bail, and the security having executed bail in a case where bail might have been required, is estopped after judgment against the principal from claiming that the defendant in the original action was not liable to arrest. 2 Lord Raymond, 1535; 24 Wend. 274; 19 Wend. 121.

Bail may be required in all cases in actions *ex delicto*, but not in all cases in actions *ex contractu*, the constitutional provision only applying to cases *ex contractu*. *People* v. *Cotton*, 14 Ill. 415.

The security is estopped, by signing the bail bond, from denying that the principal was liable to arrest in the original action. The obligation imports such liability; exemption from arrest is a personal privilege. If waived by giving bail, the sureties in an action against them after forfeiture, cannot allege that the order to hold to bail was improperly made. *Gregory* v. *Levy*, 12 Bar. S. C. R. 610; *Stever* v. *Somberger*, 24 Wend. 275; *Welland Canal Co.* v. *Hathaway*, 8 Wend. 481; *Stever* v. *Somberger*, 19 Wend. 121; 2 Lord Raymond, 1535; *White* v. *Blake*, 22 Wend. 612.

The court will not review the sufficiency of an affidavit in a collateral proceeding of this kind. The reason that this defense is allowed to be interposed in actions *ex contractu* is, that the bond in such cases is obtained by a direct violation of the fundamental law of the State. But in actions *ex delicto*,

there being no violation of the fundamental law, the same rule would prevail that prevails in most of the other States, that the security having signed the bond, by that act is estopped from saying that his principal was wrongfully held to bail. *Gregory* v. *Levy*, 12 Bar. 612 ; 3 Zabriske N. J. R. 376, and other authorities cited.

A. GARRISON, for Defendant in Error.

The sixth plea went to the whole cause of action, and was properly sustained, the demurrer being general.

The affidavit was defective. It did not set forth facts and circumstances, whereby it appeared that Mesler had either refused to surrender property, or in any manner been guilty of fraud (the gravamen of the charge), in originally incurring the debt; and the bond therefore was void. In the matter of *Smith*, 16 Ill. 347 ; *Stafford* v. *Low*, 20 Ill. 152.

The defendant has assigned cross-errors, the sustaining the demurrer to his seventh plea, the demurrer being general.

That plea says, the order to hold to bail indorsed on the back of the *ca. ad res.* was in the sum of $418.18 ; that the special bail bond (in question) taken by the sheriff in said action, was in the penal sum of $900, when as by said order he should have taken a bail bond in the penal sum of $836.36, and that under duress, etc., this bail bond was given, and was therefore contrary to the statute, and was illegal and void.

Purple's Statutes, vol. 1, p. 127, chapter 14, Bail, section 3, provides, the bail bond shall be " in a penalty double the sum for which bail is required." *Jennings* v. *Sledge*, 3 Kelly, 128; *Waugh* v. *The People*, 17 Ill. 561 ; 20 Ill. 152, and 16 Ill. 347, above cited.

CATON, C. J. This was an action on the case for a tort, and that provision of the constitution which exempts debtors from imprisonment, has no application. That applies only to cases of contract, express or implied. *People* v. *Cotton*, 14 Ill. 414. In a case like this, the statute must receive its natural construction, without the restraining influence of the con-

stitution, which has been applied to it in cases *ex contractu.* When tested by the standard of the statute alone, this affidavit was sufficient. It set forth the cause of action clearly and distinctly, so that the clerk could judge of what amount of bail should be required, and stated the danger of losing the benefit of the judgment, in the language of the statute. The affidavit is set out in the sixth plea, to which the court over- ruled the demurrer, so that it is referred to the court to judge, whether it was sufficient to authorize the clerk to make the order for special bail. So the averments in the plea, that the order was made without authority, stand for nothing when the court can see, from the balance of the plea, that the affidavit was sufficient, and authorized the clerk to make the order. The demurrer to the sixth plea should have been sustained.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*