(No. 22346.—

DAVID LIPMAN, Appellant, *vs.* ARTHUR V. GOEBEL *et al.* Appellees.

*Opinion filed June 15, 1934—Rehearing denied October 3, 1934.*

316

B. B. Chodash, for appellant.

Theodore Sharp, and James B. McKeon, for appellees.

Mr. Justice Herrick delivered the opinion of the court:

David Lipman, the appellant, was arrested and imprisoned by the sheriff of Cook county under a *capias ad satisfaciendum* issued upon a judgment rendered by the circuit court of Cook county for $3000 in favor of the appellees, Arthur V. Goebel and Edward Schatz, against the appellant, in an action on the case. The judgment was originally obtained for $6000. The cause was appealed to the Appellate Court for the First District. The Appellate Court there found the defendant in that case had intentionally and deliberately taken the law into his own hands and committed the trespass charged in the declaration, but further held the damages awarded were excessive, required a *remittitur* of $3000, which was made, and thereupon the judgment was affirmed for the sum of $3000. (265 Ill. App. 601.) *Certiorari* was denied by this court. Appellant filed in the county court of Cook county his petition to be released from such imprisonment by the surrender of his property. The petition was opposed by the appellees. A trial was had before the county court without a jury. That court found that malice was the gist of the action in which the judgment was recovered against the appellant, refused to discharge him and remanded him to the custody of the sheriff. In the county court the appellant urged the question, and saved it for review, that sec-

tion 5 of chapter 77, entitled "An act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree" (Cahill's Stat. 1933, p. 1710; Smith's Stat. 1933, p. 1731;) is violative of section 1 of article 14 of the Federal constitution and section 12 of article 2 of the State constitution. An appeal has been prosecuted from the judgment of the county court direct to this court and such constitutional question is here raised by proper assignment of error.

In support of the constitutional question raised, it is urged by the appellant that in the enforcement of section 5 of chapter 77 there is a discrimination as between persons and corporations; that the statute is not uniformly applied and therefore equal protection of the law is denied, in violation of the sections of the Federal and State constitutions. While it is true that natural persons may be subject to the rigors of section 5 of the statute by seizure of their bodies and imprisonment for torts committed where malice is the gist of the action, and that a corporation can not be imprisoned because of torts committed by its officers, yet it does not follow that such situation violates the equal protection provisions of either the State or Federal constitution or that due process of law is not afforded thereby to natural persons. The test as to whether the legislative act affords equal protection to all persons affected by it is whether the legislative enactment requires the same means and methods to be employed alike by the persons composing the class affected so that the law operates uniformly upon all persons similarly situated. (*Reif v. Barrett,* 355 Ill. 104.) As between natural persons the aforesaid provisions of section 5 make no distinction. The provisions of the statute are enforced equally as against all natural persons committing torts. If the appellant is correct in his contention, then, following it to its logical conclusion, the criminal laws of both the State and Federal

governments would be unconstitutional, because a corporation cannot be seized and imprisoned for a crime committed by its officers while individuals guilty of violations of the criminal laws are amenable to the imprisonment provided for such violations. Section 5 of the act does not violate either of the sections of the Federal and State constitutions.

While any judgment for money, in its more comprehensive meaning, may be classified as a debt in the sense that the judgment debtor is indebted to the judgment creditor, yet the instant case does not involve a debt within section 12 of article 2 of the State constitution. That section does not relate to debts within the meaning of judgments recovered in tort actions but relates to judgments arising out of contracts, either express or implied. It particularly has no application to judgments recovered for malicious, wanton and willful tortious acts committed by the judgment debtor. *People* v. *Walker,* 286 Ill. 541; *Kennedy* v. *People,* 122 id. 649; *Kitson* v. *Farwell,* 132 id. 327; *Buck* v. *Alex,* 350 id. 167.

Early in the present case we meet the question as to whether in the case in which the judgment in tort was recovered against the appellant malice was the gist of the action.

Section 2 of the Insolvent Debtors act (Cahill's Stat. 1933, chap. 72, p. 1574; Smith's Stat. 1933, chap. 72, pp. 1598, 1599;) provides the procedure for the discharge of a debtor seized and imprisoned. A person arrested and imprisoned upon a *capias ad satisfaciendum* where malice is the gist of the action is not entitled to discharge upon the surrender of his property. "The term 'malice,' as used in the Insolvent Debtors act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose, implies that the guilty party was actuated by improper or dishonest motives and requires intentional perpetration of an injury or wrong on an-

other." (*Buck* v. *Alex, supra.*) However, the term does not necessarily mean that the person committing the injury bears any spite, grudge or ill-will towards the person against whom the wrong is inflicted. This court has held that the term "gist of the action" means "the essential ground or object of a suit and without which there is not a cause of action." (*First Nat. Bank of Flora* v. *Burkett*, 101 Ill. 391.) Malice may be made the gist of the action if properly pleaded. (*Seney* v. *Knight*, 292 Ill. 206.) Whether malice is the gist of the action is determined from the charges made in the declaration. *Greener* v. *Brown*, 323 Ill. 221.

This case was tried and was submitted to the jury upon the second and third counts of the declaration. The second count charged, in substance, that the defendant, with force and arms, willfully, wantonly and maliciously broke and entered a certain office and business of the plaintiffs at 160 North LaSalle street, in Chicago, and then and there willfully, wantonly and maliciously changed the locks on all the doors entering such office so the plaintiffs could not re-enter therein, and at the same time, with force and arms, willfully, wantonly and maliciously took and detained goods and chattels, consisting of furniture, furnishings, carpeting, books, book cases, chairs, records, files, typewriters, books of account and all other property of the plaintiffs, including property belonging to the Apartment House and Hotel Association, Inc., an Illinois corporation whose capital stock was owned by the plaintiffs, and all other property of any kind and description belonging to the plaintiffs and which was in any way connected with the office and law business of the plaintiffs, and the defendant, with force and arms, willfully, wantonly and maliciously took and detained said property and converted and disposed of the same to his own use.

The third count charged, in substance, that the defendant, with force and arms, broke and entered the office and

business of the plaintiffs and then and there expelled and moved the plaintiffs from the possession, use, occupation and enjoyment of such office and business and kept and continued them so expelled and removed for a long space of time, to-wit, from thence hitherto, whereby the plaintiffs lost and were deprived of the benefit of their office and business, and by reason of the willful, wanton and malicious acts of the defendant the business and office have been wholly destroyed and are of no value to the plaintiffs, and other wrongs then and there did to the plaintiffs against the peace of the people of this State.

The two counts of the declaration expressly charged the commission of an intentional wrong and injury by the defendant against the plaintiffs. Malice has been held to be the gist of the action in the following cases: Where the debtor negotiated to his creditor a forged or fictitious note in payment of a debt owed by the debtor to the creditor— *McKindley* v. *Rising,* 28 Ill. 337; where the defendant committed an assault and battery on the plaintiff—*In re Murphy,* 109 Ill. 31; *In re Mullin,* 118 id. 551; where the defendant obtained money from a bank on a sight draft drawn by him on his debtor and then collected all the money due him from his debtor before the sight draft in due course of business was presented by the bank for payment—*First Nat. Bank of Flora* v. *Burkett, supra;* where the defendant, a banker, knowing that he was insolvent, received from the plaintiff two checks for deposit with the malicious intent thereby to cheat and defraud the plaintiff of his deposit—*Jernberg* v. *Mix,* 199 Ill. 254; where the defendants willfully, maliciously, tortiously and fraudulently converted plaintiff's property to their own use with the intent to cheat or defraud the plaintiff—*Seney* v. *Knight, supra;* where certain accounts receivable were assigned by the plaintiff to the defendants to collect and hold the proceeds in trust for the plaintiff, the accounts were collected, and in violation of their duty and of their trust the de-

fendants wrongfully and fraudulently converted the funds to their own use—*Greener* v. *Brown, supra.*

It is urged by the appellant that the plaintiffs could have maintained trover for the injuries sustained by them. Even if this be true, the action of trover is a tort action and a form of action on the case. (*Seney* v. *Knight, supra.*) However, malice may be made the gist of the action in a tort action if properly pleaded, even though some other form of action might lie. *Seney* v. *Knight, supra.*

The appellant offered in evidence the instructions given by the plaintiffs in the tort case upon the theory that the instructions did not submit the question of the malicious and willful conduct of the defendant charged by the declaration, to the jury, and that, a general verdict being returned, the inference was that the jury in its verdict omitted the consideration of the defendant's guilt of malice. Five instructions were given for the plaintiffs. The first instruction told the jury, in substance, that if the jury found the defendant guilty and found from the evidence that the actions of the defendant were willful or malicious, then, in addition to compensatory damages, the jury might assess punitive damages by way of punishing the defendant for willfully doing an unlawful and wrongful act. It is apparent from the verdict that the jury found against the defendant upon the issue as to whether he acted willfully and maliciously in the premises. No instruction was given waiving the question of malice. The verdict of the jury found the defendant guilty. It, however, was not necessary that the jury should have· by its verdict specifically recited that the jury found the defendant guilty of malice.

On November 18, 1932, the county court continued the present cause for hearing until December 23, 1932. Thereafter, on December 23, 1932, the record shows that the cause was continued by the county court until January 20, 1933. The cause was again continued until the 27th day of January and thereafter continued until Febru-

ary 14, 1933. No objection was made by the petitioner until February 14, 1933, that the continuance from November 18, 1932, to December 23, 1932, deprived the county court of jurisdiction. It is true that section 8 of the Insolvent Debtors act limits the court in any one adjournment to a period not exceeding thirty days. The statute, however, was enacted for the benefit of a petitioning judgment debtor. The purpose is obvious that it was the legislative intent that an insolvent debtor should have a prompt hearing of his petition for discharge and that his effort to get a hearing of his petition in a speedy manner should not be thwarted by the continuance of the cause for an undue length of time, and in case the business of the court was congested and by reason thereof the petition for discharge could not be heard within a reasonable time, such petition should have precedence over the ordinary business of the county court. The record specifically shows that the petitioner consented to the continuance made on November 18. Not only by consenting to the continuance of November 18, but also by thereafter voluntarily appearing in court when other continuances were granted without raising the question of the loss of jurisdiction, the petitioner waived the benefit of this statute. The county court did not lose jurisdiction of the cause or subject matter of the petition. (*People* v. *Hanchett,* 111 Ill. 90.) The petitioner undertook, in contradiction of the record, to show by oral testimony that the continuance was not granted by his consent or that of his attorney. The court refused to hear such offered testimony. In this ruling the court was correct. The record of the court imports verity and could not be impeached in that manner.

It is urged that section 34 of the Insolvent Debtors act is repugnant to the principle that the remedy of a judgment creditor should be restricted to one satisfaction, and a hypothetical case is assumed where the prisoner is confined in jail to within a week of six months; that the judg-

ment creditor could then refuse to advance any further jail fees, as provided by such section 34, and in that situation the prisoner would be released, and that since the prisoner had not served the six months provided by statute, the debt would not be satisfied and the judgment debtor would still be liable for the full amount of the judgment. The answer to the hypothetical case is that such an issue is not presented for decision by the record here, and it is neither necessary nor proper for the court to speculate or anticipate what would be the legal situation in the hypothetical case submitted.

It is also urged by the appellant that the statutory requirements have not been met for the service and return of the writ of *capias ad satisfaciendum;* that the *capias* did not expressly authorize demand for the payment of the judgment but merely commanded the sheriff to take the defendant and him safely keep as by law required; that the return of the sheriff on the *capias* did not show that a demand was made for the payment of the judgment but that the writ was executed by arresting the body of the defendant, and that the defendant (appellant here) having failed to pay the amount of the judgment, was on execution committed by the sheriff to jail. By filing his petition for discharge in the county court the appellant recognized the validity of the process under which he had been seized and imprisoned. If the return was not in proper form and he was illegally detained he had a remedy by motion to quash the writ and return in the circuit court that issued the *capias.* He could not raise that question collaterally in the county court proceeding. No demand by the sheriff for payment of the judgment and costs was necessary before the sheriff was authorized to seize the body of the defendant. The return of the sheriff showed that the sheriff arrested the appellant, and the latter having failed to pay the amount of the judgment and costs was committed to the debtors' department of the common jail of

Cook county. No demand for the payment of the judgment was necessary before the issuance of the *capias*. *People* v. *Walker, supra.*

The defendant cannot be permitted to offer evidence in this proceeding that his conduct was not willful and malicious. That issue was submitted to the jury in the tort case, and both counts of the declaration having charged malice as the gist of the action, the judgment of the trial court, later affirmed by the Appellate Court, is *res judicata* upon the issue. (*Buck* v. *Alex, supra.*) We hold that malice was the gist of the action in the case at bar.

The defendant, after the cause had been argued, then taken by the court under advisement and continued to a day certain for the decision of the court on the issues, on the latter day, before the court had announced its decision, submitted certain propositions of law which he asked to be held as the law of the case. The court refused to pass upon the propositions. They all went to the subject of the right of the defendant to be discharged upon the surrender of his property; as to whether malice was the gist of the action; the constitutional question; the effect of the instructions to the jury; the issuance of the *capias*, and the question as to whether the defendant could be arrested by a body execution prior to any demand for the payment of the judgment. The defendant was not prejudiced by the refusal of the court to pass upon any of the propositions submitted. The judgment of the county court held adversely to each of the legal questions contained in the propositions of law submitted. Moreover, propositions of law were not proper in this case. The jury trial provided by section 5 of the Insolvent Debtors act is upon the issue as to whether the judgment debtor is guilty of fraud or of refusal to surrender his estate for the payment of the judgment. No jury trial is provided where malice is the gist of the action. That question is purely a question of law for the county court. The provision of section 61 of

326

the Practice act in force at the time of the trial, relating to the submission of propositions of law in cases tried before the court, only applies in those cases where parties are entitled to a jury trial. *Central Bond Co. v. Roeser,* 323 Ill. 90; *Field & Co. v. Industrial Com.* 305 id. 134; *Britton v. Davis,* 273 id. 31; *Schofield v. Thomas,* 236 id. 417; *People v. Chicago, Burlington and Quincy Railroad Co.* 231 id. 112.

We have considered all of the errors assigned and argued upon the record here, having in mind that the procedure here is harsh, and that if there is any reasonable doubt as to the regularity of the proceedings under which the appellant is held he should be given the benefit of the doubt; but we find no prejudicial error in the proceedings, and are constrained to hold that the judgment of the county court, under the law of the State, is correct.

The judgment of the county court is affirmed.

*Judgment affirmed.*