### In re THEODORE EBERT & CO.

### SPENSLEY v. THEODORE EBERT & CO. et al.

### No. 5431.

Circuit Court of Appeals, Seventh Circuit.
April 18, 1935.

Rehearing Denied June 8, 1935.

170

George T. Spensley, of Chicago, Ill., for appellant.

John E. Owens, of Chicago, Ill., for appellee Theodore Ebert & Co.

Louis J. Victor, of Chicago, Ill., for appellee Wieboldt Stores, Inc.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

Theodore Ebert and Company, a corporation, filed its petition under sections 77A and 77B of the Bankruptcy Act (11 USCA §§ 206, 207) in the United States District Court for the Northern District of Illinois and was, by order of that court, continued in possession of the property after the court approved of the good faith of the debtor and the sufficiency of its petition. By the same order appellant, a judgment creditor of the debtor, was enjoined from taking further action in respect to a judgment rendered in the Circuit Court of Cook County, in which action Wieboldt's Stores was garnisheed on account of an indebtedness due T. Ebert and Company for merchandise sold. The same order enjoined Wieboldt's Stores from paying any money to appellant in the said garnishment action which a few days before had reached the judgment stage. Wieboldt's Stores intervened in the bankruptcy proceedings and represented that it owed debtor for merchandise purchased; that it was desirous of paying the amount due to the proper party; that it had a few days before been directed by the Circuit Court of Cook County to pay the amount to the appellant, Spensley. It sought permission to pay the money into court and be relieved from further liability. The court ordered Wieboldt's Stores to pay the money into court, and this order was carried out. It also enjoined appellant from proceeding under its garnishment judgment in the state court. The appeal is from this order. The real controversy is between appellant, the judgment creditor in the garnishment proceedings in the state court, and the debtor in the court of bankruptcy who is temporarily in charge of its own assets under order of the court.

EVANS, Circuit Judge (after stating the facts as above).

The precise legal question which confronts us may be stated thus: May a court of bankruptcy enjoin, in a summary proceeding, a creditor's enforcement of a garnishment judgment against a debtor of the bankrupt (debtor) obtained in an Illinois state court two days before the filing of the petition in bankruptcy?

We answer the query in the affirmative, basing our conclusion on the decision of the court in In re Ransford, 194 F. 658, and upon the reasons which support that decision.

We agree with counsel for appellant that the existence and character of a lien are to be determined by the law of the state where the alleged lien arose [In re Schwab Printing Co. (C. C. A.) 59 F.(2d) 726] and therefore the above-cited decision dealing with Michigan law would not be authoritative in Illinois, if there be a vital dissimilarity of statutes or decisions of the two states respecting the character and lien effect of garnishment actions. While there are differences in the various state decisions respecting the time when liens are created by garnishment proceedings [see decision of this court in In re Lincks Wire Forming Co., 60 F.(2d) 770], there exists, we believe, no conflict as to creation of a lien at some stage of the garnishment proceedings. The date is unimportant in the instant case for the garnishment action was begun, as well as reduced to judgment, well within the four months of the filing of the petition in bankruptcy. Section 107 (c), Title 11, U. S. C. (11 USCA § 107 (c). It follows that a lien was created by the garnishment of moneys in the hands of Wieboldt's Stores, which it was the duty of the District Court to set aside in view of the time which had elapsed between the date of the lien and the date of the filing of the petition.

There was no such adversary relation between the estate of the petitioning debtor and its debtor, Wieboldt's Stores, as necessitated a trial in a plenary suit. The order was therefore one which was lawfully entered in a summary proceeding. In re Monsen (C. C. A.) 74 F.(2d) 411.

It is worthy of note that the injunctional order from which appellant prosecutes this appeal restrained him from taking steps to possess himself of the moneys belonging to debtor in the bankruptcy proceeding and also directed the money to be paid into court. Such an injunction may, if the facts warrant it, be dissolved. The final disposition of the money awaits the outcome of the proceedings instituted by the debtor to compose its debts with its creditors, which in turn depends upon the submission of a plan of reorganization acceptable to more than two-thirds of the creditors. The propriety as well as the validity of such an order, entered in a summary proceeding, cannot be questioned in view of the decision in In re Chicago, Rock Island & Pacific Railway Co. (C. C. A.) 72 F.(2d) 443, affirmed by the Supreme Court, Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 55 S. Ct. 595, 79 L. Ed. ——, April 1, 1935.

The instant case was one which called for protection of the garnishment defendant. This was afforded by the order of the court directing it to pay the money into court. Under any disposition of the case this order was highly proper.

The decree is affirmed. The appellee, Theodore Ebert and Company, recovers its costs in this court against appellant.