## In re LIPMAN.

### LIPMAN v. GOEBEL et al.

### No. 5525.

Circuit Court of Appeals, Seventh Circuit.

July 19, 1935.

Rehearing Denied Aug. 7, 1935.

Allan R. Bloch, of Chicago, Ill., for appellant.

Theodore Sharf and James B. McKeon, both of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

Appellant filed a voluntary petition in the District Court seeking relief under section 74 of the Bankruptcy Act (11 USCA § 202). After filing his petition he moved for an order restraining appellees from causing his imprisonment upon a tort judgment rendered in the Superior Court of Cook County. His application was denied, and this appeal followed.

EVANS, Circuit Judge.

Appellees obtained a judgment in the Superior Court of Cook County for $6,000 upon a declaration sounding in tort, which contained two counts. One charged appellant with wilfully, wantonly, and maliciously breaking into premises occupied by the appellees and evicting them. The second count charged him with "force and arms, wilfully, wantonly, and maliciously seizing, taking and converting certain personal property" belonging to appellees. This judgment was affirmed by the Illinois appellate court upon appellees' remitting $3,000 from the judgment.

Appellant thereupon instituted proceedings in the County Court of Cook County where he sought a discharge under the provisions of the Insolvent Debtors' Act (Smith-Hurd Ann. St. Ill. c. 72). The court, after a hearing, held that malice was the gist of the action and dismissed the petition. Thereafter, the Supreme Court of Illinois affirmed this order of the County Court. Lipman v. Goebel, 357 Ill. 315, 192 N. E. 203.

Appellant then filed a voluntary petition in the District Court for the Northern District of Illinois for relief under section 74 of the Bankruptcy Act (11 USCA § 202).

■ The case of U. S. ex rel. Weber v. Meyering (C. C. A.) 66 F.(2d) 347, is, we think, controlling. Under this decision the court of bankruptcy will not review the holding of the County Court, affirmed by the Supreme Court of Illinois, wherein it necessarily found that malice was the gist of the action. The issue here involved is identical with that presented in the state court. The finding of the state court thereon was rightfully accepted by the District Court as binding upon it.

■ There is another reason why the relief sought in the District Court should be denied. Appellant's petition was filed under the amendment to the Bankruptcy Act. Such being the case the relief ordinarily sought by one acting in good faith is not a discharge from debts, but rather a plan which contemplates the extension of the time of payment of debts and reduction of the rate of interest. The amendment was not intended to shield one from the consequences of an Illinois state court judgment rendered in a tort action for the nonpayment of which the judgment creditor may cause the imprisonment of the debtor.

Appellant is not asking to have the time of payment of his debt extended. What he desires is an avoidance of imprisonment which the judgment makes possible.

■ Affirmance of the order may rest on still another ground. Upon a proper showing, the court of bankruptcy may stay the enforcement of claims against the bankrupt. However, the power to restrain does not necessitate its use. A discretion is involved, the wise exercise of which depends upon the fact showing. In the Matter of Theodore Ebert and Company, Debtor, 77 F.(2d) 169, decided by this court April 18, 1935; In re Chicago, Rock Island & Pacific Ry. (C. C. A.) 72 F.(2d) 443, affirmed by the Supreme Court, April 1, 1935 (Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U. S. 648, 55 S. Ct. 595, 79 L. Ed. ——). Here the District Court wisely exercised its discretion by refusing to make the court of bankruptcy a refuge for a judgment debtor who cannot, at the end of the bankruptcy proceedings, obtain a discharge of the debt evidenced by the judgment.

The order is affirmed.