In re Petition of Veronica Chalukonis, Appellee, v. Evelyn Jozwiak, a Minor, by Bridget Sullivan, Her Guardian, Appellant.

Gen. No. 38,578.

Opinion filed November 4, 1936.

DAVID ALSWANG, ISAAC K. GOODMAN, DAVID J. SCHISSELL and MELBOURNE A. CHAPP, all of Chicago, for appellant; DAVID ALSWANG, of counsel.

No appearance for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

A petition was filed by the petitioner from which it appears that she was arrested under a writ of Ca. Sa., issued by the circuit court clerk in favor of Evelyn Jozwiak, a minor, for the sum of $12,500, and is now in custody of sheriff of Cook county, under and by virtue of said writ, and is desirous of releasing her body from such arrest or imprisonment by delivering up her property, and prays that such proceedings to that end may be had as are prescribed or required by the laws of the State relating to insolvent debtors.

After a hearing was had upon this petition, the court entered an order that malice was not the gist of the action, and the petitioner having filed her schedule of property, the court adjudicated that the petitioner be discharged and released from the custody of the sheriff of this county. This order was entered on March 23, 1935.

From the record it appears that by the stipulation of the parties on April 30, 1934, a jury in the circuit court of Cook county in the case of Evelyn Jozwiak, a minor, by Vincent Jozwiak, her father and next of friend, versus Veronica Chalukonis, returned a general verdict for $12,500 in an action based upon a declaration consisting of four counts, three charging negligence and one malice.

On July 12, 1934, an order was entered by the judge of the probate court of Cook county appointing Bridget

Sullivan guardian of Evelyn Jozwiak. On February 27, 1935, a *capias* was placed in the hands of the sheriff of Cook county upon which the petitioner, Veronica Chalukonis, was arrested on March 5, 1935, and on the same day the petitioner filed her petition under the the Insolvent Debtors Act praying to be discharged. Various hearings were had, and on March 23, 1935, the court entered the order from which an appeal to this court is taken by the respondent.

It appears from the report of the proceedings that evidence was heard by the court which disclosed that an accident occurred on July 12, 1927, at the intersection of 30th street and Lowe avenue, in Chicago, Illinois, and that the petitioner in the operation of her automobile, while turning the corner, ran into respondent's minor of the age of five years at that time, and injured the child. There is evidence that at the time of the accident the petitioner was under the influence of liquor, and in getting out of her car she staggered over to respondent's minor, who had been knocked down by her operation of the car and picked up by one of the witnesses, and struck the child with her hand. This the petitioner denied when called to the witness stand by the court.

The action of the petitioner was founded on par. 5, sec. 2 of the Insolvent Debtors Act, ch. 72 of Ill. State Bar Stats. 1935, which section provides:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this Act."

As authority for the admission of evidence to determine the question whether malice was the gist of the

action, this court's attention has been called to the case of *In re Petition of Blacklidge,* 359 Ill. 482.

The court in that case said:

"The judgment, however, is not conclusive that there was malice or that the party was actuated by improper motives, because the verdict may have been returned upon a count which did not include the element. (*Jernberg v. Mix,* 199 Ill. 254.) It necessarily follows that in a proceeding under section 2 of the Insolvent Debtors Act the petitioner is not estopped by the judgment from showing that the verdict was based upon a count where malice was not the gist of the action. (*Buck v. Alex,* 350 Ill. 167; *Jernberg v. Mix,* 199 Ill. 254; *Kitson v. Farwell,* 132 Ill. 327.) In this case the general verdict of guilty was, in effect, a finding of guilty against Mrs. Blacklidge upon each of the two counts. *Prima facie* record discloses that malice was the gist of the action, and in the present proceeding she did not attempt to prove that the verdict was returned upon the criminal conversation count, of which malice was not the gist. To avail herself of the remedy afforded by the Insolvent Debtors Act it was essential for her to bring herself within the provisions of the statute by establishing the fact that malice was not the gist of the action. This she has failed to do."

Respondent's contention is that if issues are made upon all the counts in a suit against an insolvent debtor, including one of which malice is the gist of the action, a judgment upon a general verdict is responsive to such issues and *prima facie* establishes that malice was the gist of the action and the burden is upon the petitioning debtor to show the contrary and that the verdict was not responsive to that count.

It was stipulated between the parties at the trial that there were no written instructions given by the court at the time the trial of this case was had in the circuit court which took place in the absence of the defendant,

the petitioner, when reached for trial, and that a general verdict only was returned by the jury.

We might say at this time that it is regrettable the petitioner has failed to appear in this court and give the court the benefit of the theory upon which she bases her right to relief.

It would seem from the record as it is presented to this court that at the time of the accident petitioner was operating the automobile and ran into and injured respondent's minor, and while the court had the benefit of the petitioner's evidence in which she denied that she operated the machine negligently, or that she was under the influence of liquor, still when she stepped from the machine she staggered and wilfully struck the child with her hand after one of the witnesses had picked the child up from the street after the accident, which would indicate malicious conduct at the time of the accident. From all the facts and circumstances in evidence, malice was the gist of the action.

The Supreme Court in the case of *In re Petition of Blacklidge*, 359 Ill. 482, announced the rule applicable in cases where the question of malice is before the court, and said:

" 'Malice,' within the contemplation of the Insolvent Debtors Act, does not necessarily mean hatred or ill-will but applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It carries the implication that the guilty party was actuated by improper and dishonest motives, with the intention to perpetrate an injury on another. (*Lipman v. Goebel,* 357 Ill. 315; *Greener v. Brown,* 323 Ill. 221; *Jernberg v. Mix,* 199 Ill. 254.) Malice may be made the gist of the action if properly pleaded. (*Lipman v. Goebel,* 357 Ill. 315; *Seney v. Knight,* 292 Ill. 206.) Whether malice is the gist of a particular action is to be determined from the charges made in the declaration. (*Lipman v. Goebel,* 357 Ill. 315; *Greener v. Brown,* 323 Ill. 221.)"

This proceeding does not come within the provision of sec. 5 of ch. 77, Ill. State Bar Stats. 1935, ¶ 5, entitled "Judgments, Decrees and Executions," which provides:

"No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and it shall appear from a special finding of the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors," for the reason that the judgment in the case now before this court in the proceeding involved was entered on April 30, 1934, and sec. 5 of the act above quoted was amended and approved on July 11, 1935, by amending and inserting in the act these words: "and it shall appear from a special finding of the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant." Therefore, the act as amended was not in force at the time this judgment was entered by the court on the date above set forth, and the section as amended would not control in requiring a special finding that malice was the gist of the action.

We are of the opinion from the whole record as we have it before us that there was sufficient evidence before the jury upon which to find that malice was the gist of the action when the petitioner was driving her car under the influence of liquor, and her subsequent action in striking the child after it had been injured.

The judgment order is reversed and the cause is remanded with directions that the petitioner be remanded to the custody of the sheriff of Cook county, Illinois.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.