(No. 24369.—

EDWARD WHITE, Appellant, *vs.* MOSES O. YOUNGBLOOD, Appellee.

*Opinion filed December 17, 1937—Rehearing denied Feb. 3, 1938.*

ELLIS & WESTBROOKS, (RICHARD E. WESTBROOKS, of counsel,) for appellant.

HUBBARD, BAKER & RICE, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Moses O. Youngblood, in an action in tort in the superior court of Cook county, obtained a judgment against Edward White for $20,000. A *capias ad satisfaciendum* was issued on the judgment and White was arrested and committed to the jail of Cook county. White sought his discharge in the county court under the Insolvent Debtors act. There was a hearing upon an amended petition and an answer. A judgment was rendered dismissing White's petition and he was remanded to the custody of the sheriff. This appeal is from that judgment.

In the suit in the superior court a special interrogatory was submitted to the jury, as follows: "Did the defendant, Edward White, on November 17, 1934, wilfully, wantonly, intentionally and maliciously assault the plaintiff, Moses O. Youngblood?" The jury answered the interrogatory in the affirmative.

It appeared that previously, in the municipal court of Chicago and in the criminal court of Cook county, White was found not guilty of an assault upon Youngblood on the date mentioned.

In the proceeding in the county court that court recited the finding of the jury in the superior court action that

White was guilty of malicious conduct. That issue was settled in the superior court. (*Lipman* v. *Goebel,* 357 Ill. 315.) The county court held that malice was the gist of the action in the superior court and it remanded White to the custody of the sheriff.

The petition in the county court contained many allegations, some of which are of fact and others are conclusions of law on which are predicated the supposed right of White (hereafter called the petitioner) to appeal directly to this court.

Allegations of the amended petition numbered from 13 to 24, inclusive, and 26 and 27, and conclusions of law, H. I. J. and K. of the same pleading relate to the criminal proceedings above mentioned. It is asserted that because of the findings and judgment of not guilty in the criminal and municipal court proceedings, constitutional rights of the defendant in the proceedings and judgment in the superior court were violated, and therefore the county court should have taken notice of such violation and granted the petitioner his discharge from custody. It is assumed on behalf of the petitioner that the issue of assault was settled in the criminal cases and that those judgments precluded raising the same issue in the tort action in the superior court. An acquittal of a criminal charge is no defense to a civil suit for the same matter. (*People* v. *Small,* 319 Ill. 437; *Corbley* v. *Wilson,* 71 id. 209; 2 Van Fleet's Former Adjudication, sec. 485.) The superior court had jurisdiction of the tort action.

By filing his petition for discharge in the county court the petitioner recognized the validity of the process under which he was seized and imprisoned. The petitioner had his remedy in the suit in the superior court. He cannot raise the question collaterally in the county court proceeding. (*Lipman* v. *Goebel, supra.*) A constitutional question was not properly presented by the allegations above mentioned.

The act on Judgments, Decrees and Executions was amended in 1935 by changing the word "or" to "and" in section 5 relating to body executions. (Laws of 1935, p. 937.) It is argued that by reason of this amendment a demand for the surrender of the debtor's property is made necessary. Section 5 excepted from its operation executions upon judgments obtained for torts. Whether the amended section has a different meaning now than formerly requires only the construction of the statute. When only the construction or application of a statute is in question its validity is not involved. (*Standard Motors Securities Corp.* v. *Yates Co.* 337 Ill. 250.) This court does not take jurisdiction merely for the purpose of construing statutes. *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

The Insolvent Debtors act relating to the procedure for a debtor's discharge in a civil action when malice is not the gist of the action has not been amended. (Ill. Rev. Stat. 1937, p. 1778.) When malice is the gist of the action the act may not be invoked. We recently held that in a tort action based on malice the writ of *capias ad satisfaciendum* may be obtained on a judgment against a defendant without an execution being issued to require him to deliver his property. *In re Blacklidge,* 359 Ill. 482.

The right to imprison by means of a *capias ad satisfaciendum* was a right at common law and has long been authorized by statute. This question may be regarded as settled, and the petitioner's argument, as it affects this question, is not properly upon an unsettled constitutional question. This court will not entertain an appeal or writ of error for the purpose of passing upon a question which has been settled. (*People* v. *Fensky,* 290 Ill. 612; *People* v. *Powers,* 283 id. 438.) No proper constitutional question appears in this case. The appeal should have been prosecuted to the Appellate Court.

The appeal is, therefore, transferred to the Appellate Court for the First District.                          *Cause transferred.*