In re Petition of Leonard Miles et al., Appellees, v. Erick Glad, Appellant.

Gen. No. 40,406.

Opinion

filed February 27, 1939.

Guy C. Guerine, of Melrose Park, and Leslie J. Smith, Jr., of Chicago, for appellant; Guy C. Guerine, of counsel.

No appearance for appellees.

Mr. Presiding Justice Burke delivered the opinion of the court.

Erick Glad filed his complaint, consisting of three counts, in the circuit court. The first count charged petitioners with assault and battery. The second and third counts were stricken. On a trial with a jury a general verdict was returned finding all of the defendants therein guilty and assessing plaintiff's (Glad's) damages at the sum of $4,500. The following special interrogatory was directed to the jury: "Were the defendants guilty of wilful and wanton conduct which was the proximate cause of the plaintiff's injury," which the jury answered in the affirmative. Judgment was entered on the verdict and subsequently a *capias ad satisfaciendum* issued and the sheriff took Leonard Miles, Forest Miles and Nelson Miles, judgment debtors and petitioners, into custody.

On April 27, 1938, judgment debtors Leonard Miles, Forest Miles and Nelson Miles filed the following petition in the county court of Cook county:

"The Petition of Leonard Miles, Nelson Miles and Forest Miles, respectfully represents:

"That this petitioner has been arrested under a writ of Ca. Sa., issued by the Sheriff of Cook County in favor of Erick Glad for the sum of Forty-five Hundred and no/100 Dollars and is now in the Custody of the Sheriff of said County of Cook, under and by virtue of said writ, and is desirous of releasing his body from such arrest or imprisonment by delivering up his property.

"Therefore he prays that such proceeding to that end may be had as are prescribed or required by the

Laws of the State relating to insolvent debtors."
Petitioners did not file a sworn schedule of assets. At
a hearing in the county court there was no substantial
dispute as to the facts. On June 15, 1938, that court
found that malice was not the gist of the action and
released and discharged the petitioners from custody,
and this appeal follows.

Petitioners have not filed any briefs in this court.
It is manifest that malice is the gist of an action for
assault and battery. While the interrogatory did not
in express language find that malice was the gist of the
action, we are of the opinion that in effect the inter-
rogatory did so find. Prior to the amendment of 1935,
sec. 5, ch. 77, Ill. Rev. Stat. (par. 5, ch. 77, Cahill's Ill.
St. 1933), provided:

"No execution shall issue against the body of the
defendant, except when the judgment shall have been
obtained for a tort committed by such defendant, or
unless the defendant shall have been held to bail upon
a writ of *capias ad satisfaciendum* [*respondendum*]
as provided by law, or he shall refuse to deliver up his
estate for the benefit of his creditors." That section
was amended in 1935, so that it now reads (sec. 5,
ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann.
107.155]):

"No execution shall issue against the body of the
defendant except when the judgment shall have been
obtained for a tort committed by such defendant, and
it shall appear from a special finding of the jury, or
from a special finding by the court, if the case is tried
by the court without a jury, that malice is the gist of
the action, and except when the defendant shall refuse
to deliver up his estate for the benefit of his creditors."
Section 2, ch. 72, Ill. Rev. Stat. 1937 [Jones Ill. Stats.
Ann. 109.379], provides that when any person is im-
prisoned in any civil action when malice is not the gist
of the action such person may be released from such

imprisonment upon complying with the provisions of the act. Prior to the 1935 amendment to section 5, *supra,* a *capias ad satisfaciendum* could issue on any tort judgment. A defendant seeking relief under the Insolvent Debtors Act (ch. 72, Cahill's Ill. St. 1933) could apply to the county court and that court would then determine whether malice was the gist of the action. Under the 1935 amendment to section 5 the clerk is not permitted to issue an execution against the body of a defendant except where the judgment has been obtained for a tort committed by such defendant and where it shall also appear that the jury or the court (if the case is tried without a jury) made a special finding that malice was the gist of the action. Hence, under the statute as amended (sec. 5, ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.155]), in a tort case the clerk is not permitted to issue an execution *ad satisfaciendum* in the absence of the special finding. If the clerk does issue an execution *ad satisfaciendum* and a defendant feels that such action was improper, his remedy is to apply to the court where the judgment was rendered to have such execution quashed. In the instant case, petitioners apparently misapprehended the purpose of the statute. A reading of their petition, which has been quoted, shows that they contemplated securing their release from custody by delivering up their property. In the case of *White v. Youngblood,* 367 Ill. 632, the court said (pp. 634–635) :

"By filing his petition for discharge in the county court the petitioner recognized the validity of the process under which he was seized and imprisoned. The petitioner had his remedy in the suit in the superior court. . . . The Insolvent Debtors act relating to the procedure for a debtor's discharge in a civil action when malice is not the gist of the action has not been amended. (Ill. Rev. Stat. 1937, p. 1778.) When

malice is the gist of the action the act may not be invoked.'' We are of the opinion that the action of the court in finding that malice was not the gist of the action and in discharging the petitioners from custody, was erroneous.

Therefore, the judgment of the county court of Cook county is reversed.

*Judgment reversed.*

JOHN J. SULLIVAN and FRIEND, JJ., concur.