292 A.2d 884.

MANUEL MARTIN *vs.* ARTHUR B. ESTRELLA.

JULY 14, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This civil action was brought to recover damages for injuries sustained by the plaintiff as a result of being assaulted by the defendant.   The matter was tried in the Superior Court to a jury, and a verdict in the amount of $2,000 was returned for the plaintiff.   This verdict was subsequently reduced by the Superior Court on the defendant's motion for a new trial to $1,500.   The verdict as re-

duced by the amount of the remittitur was sustained on appeal to this court. *See Martin* v. *Estrella,* 107 R. I. 247, 266 A.2d 41 (1970).

Thereafter, plaintiff filed a petition for the issuance of a body execution pursuant to the provisions of G. L. 1956 (1969 Reenactment) §9-25-15, it appearing from the face of the petition that the judgment debtor was given notice of the pendency thereof. Subsequently, in May and June of 1971 a hearing was held on this petition, at which the judgment debtor was present. Thereafter, the trial justice denied and dismissed the petition. The plaintiff is now prosecuting an appeal from that order to this court.

At common law the right to imprison a judgment debtor was by means of a *capias ad satisfaciendum,* and originally such writ lay only in actions in trespass *vi et armis. White* v. *Youngblood,* 367 Ill. 632, 12 N.E.2d 650 (1937). The office of the capias was subsequently expanded by statute.[1] Under many state constitutions imprisonment for debt is limited to specific situations. Our constitution, however, does not appear to prohibit entirely the imprisonment of a judgment debtor. Article I, sec. 11, of the constitution of this state reads as follows: "The person of a debtor, when there is not strong presumption of fraud, ought not to be continued in prison, after he shall have delivered up his property for the benefit of his creditors, in such manner as shall be prescribed by law." Our constitution does apparently afford a judgment debtor protection against continued incarceration where it shall be established that he has delivered up his property for the benefit of his creditors. In this case, however, no question as to the constitutionality of the statute, §9-25-15, has been raised.

---

[1]For some historical data on the expansion of the body execution by statute, *confer Forsythe* v. *Washtenaw Circuit Judge,* 180 Mich. 633, 147 N.W. 549 (1914).

In our statute, §9-25-15, the Legislature has set out certain specific grounds which, when established, give a judgment creditor the right to a body execution against the judgment debtor. One of the grounds on which such a body execution may issue is established when the judgment was entered "* * * in an action sounding in tort in which the title to real estate was not in dispute * * *." Here the record makes it clear that the judgment was recovered in an action sounding in tort that did not involve the title to real estate. We are persuaded, then, that there is no dispute in this case that petitioner has established the existence of one of the grounds warranting the issuance of a body execution.

It is important to note, however, that the Legislature amended §9-25-15 by adding a proviso thereto in P. L. 1961, chap. 167, sec. 2. That amendment added the following language to the statute: "* * * provided, however, that no execution, original, alias or pluries, shall issue against the body of a defendant unless so ordered by a justice of the superior court or a justice of a district court upon the written ex parte motion of a party named in the action."

In our opinion, the only issue presented to us in this case is whether the proviso of 1961 confers upon the trial justice discretion to deny the motion for a body execution where the judgment creditor has established the existence of one of the grounds therefor prescribed in the statute. We think it does not.

We should note that obviously, in enacting the 1961 proviso, the Legislature intended to deprive judgment creditors of arbitrary power to issue, through their counsel, body executions against judgment debtors and to require submission of the petitions to judicial scrutiny. The question remains whether the sole purpose of the Legislature in adding the 1961 proviso was to require the justice to perform a strictly ministerial duty of scrutinizing petitions to

determine whether there had been compliance with the formal statutory prerequisites for the issuance of a body execution.

The petitioner argues vigorously that under the statute as amended by the proviso it is the duty of the trial justice on an ex parte motion to determine whether the averments of the petition establish one of the grounds prescribed in the statute as a prerequisite to the issuance of a body execution against a judgment debtor. He continues that where the court finds that the petitioner has set forth such grounds, it is without discretion to deny the petition for the body execution.

On the other hand, the judgment debtor urges that the proviso was intended not only to have petitions for body executions scrutinized by the court to determine whether the prerequisite grounds for the issuance thereof had been established, but to vest the court with a discretionary power to deny the issuance of the body execution in appropriate circumstances even though the petition established compliance with the prescribed statutory grounds therefor.

The judgment debtor, however, has not directed our attention to any authoritative cases construing statutes on this matter. It is entirely probable that the statutory provisions of other jurisdictions providing for body executions vary in phraseology to such a degree that they would be of little assistance in construing our statute. By way of example, in *Williams* v. *Smith,* 171 Misc. 501, 12 N.Y.S.2d 124 (1939), the court, considering a provision from the New York statute, held that under that statute the court had a discretion to deny the issuance of a body execution. However, that statute contained language not contained in our statute.

Whether in the light of today's social and economic circumstances a court should have discretion in this matter

is a question for the Legislature and not for us. Here we feel justified in resorting to the old and hoary cliché that had the Legislature intended to grant such discretion to the court, it would have said so. But, in our opinion, it omitted any language that could be held to disclose such intention. It is our conclusion that the statute, as it reads, persuades us that the Legislature did not intend to confer on the court discretion to deny the issuance of a body execution where the petition therefor set forth the prerequisite requirements of the statute for the issuance thereof.

We might add that we would be concerned whether the statutory provision that these motions may be made ex parte deprives debtors of due process. However, as we have already noted here, notice and a hearing had been given the judgment debtor, and the question of due process does not arise.

The appeal of the plaintiff is sustained, the order denying the petition for the issuance of a body execution is quashed, and the cause is remanded to the Superior Court for further proceedings in accordance with this opinion.

*John Quattrocchi, Jr.,* for plaintiff.

*Pearlman & Pearlman, Alan H. Pearlman,* for defendant.